Charles M. OWENS, Plaintiff,

v.

The NEW YORK CENTRAL RAILROAD COMPANY, a corporation, Trailer Train Corporation, a corporation, General American Transportation Corporation, a corporation, and Moore-McCormick Lines, Inc., a corporation, Defendants.

Civ. No. 66–207.

United States District Court
E. D. Illinois.

May 19, 1967.

Paul P. Waller, Jr., and John F. O'Connell, O'Connell & Waller, East St. Louis, Ill., for plaintiff.

Robert Broderick and W. Thomas Coghill, Jr., of Pope & Driemeyer, East St. Louis, Ill., for defendant, The New York Cent. R. Co.

Howard Boman and John W. Leskera, of Oehmke, Dunham, Boman & Leskera, East St. Louis, Ill., for defendant, General American Transportation Corp.

Harold A. Donovan, of Brady, Donovan & Hatch, East St. Louis, Ill., for defendant, Moore-McCormick Lines, Inc.

## MEMORANDUM AND ORDER

JUERGENS, Chief Judge.

Plaintiff Charles M. Owens instituted this suit in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, against defendants New York Central Railroad Company, Trailer Train Corporation, General American Transportation Corporation and Moore-McCormick Lines, Inc.

Generally stated, the complaint alleges that plaintiff on the 23rd day of April, 1966, was employed as a truck driver for the New York Central Transportation Company; that in such capacity from time to time he worked as a member of a two-man crew and on the date specified was directed by his employer to work on company property in East St. Louis, Illinois, for the purpose of loading semi-trailers on railroad cars by use of what is commonly referred to as the piggy-back ramp; that a piggy-back railroad car owned by defendant Trailer Train Corporation (the car having been placed at the piggy-back ramp by defendant The New York Central Railroad Company) was in a dangerous and defective condition; that defendants owed a duty to the plaintiff and his fellow employees to provide facilities which were in a reasonably safe condition to use for the purpose intended, namely, to drive a tractor and trailer on top of the railroad cars for the purpose of loading semi-trailers for transportation; that in order for plaintiff and the other member of his team to load the semi-trailer, owned by Moore-McCormick Lines, Inc., on the railroad car, it was necessary for the semi-trailer to be attached to a tractor and backed up on the piggy-back ramp and onto and across four other railroad cars to the railroad car upon which the trailer was to be loaded; that the railroad car upon which the trailer was to be loaded was the fifth car from the ramp and that it was necessary, after the trailer had been backed onto the railroad car, to place his body beneath the trailer and attach a steel connecting bar to the rear axle of the tractor and attach a Tie-Down Hitch, manufactured by defendant General American Transportation Corporation, for the purpose of allowing the tractor to be pulled forward in order to pull the hitch from a horizontal to a vertical position for the purpose of holding the front end of the semi-trailer; that after the tractor had been pulled forward and raised by the hitch to a vertical position, it was necessary for plaintiff to again place his body beneath the front end of the semi-trailer to remove the connecting bar from the hitch; that while the plaintiff was in the position underneath the front of the semi-trailer, the hitch which was in an unsafe and dangerous condition collapsed causing the front end of the semi-trailer to strike plaintiff, causing injuries to plaintiff.

Counts I, III, V, VI and VII are bottomed on general negligence and breach of warranty. Counts II and IV allege that at the time and place aforesaid there was in effect an act of the Congress of the United States, namely, Chapter 45, U.S.C.A., Section 2, which reads as follows:

"It shall be unlawful for any common carrier engaged in interstate commerce by railroad to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going beneath the ends of the cars."

that notwithstanding the absolute duty of the defendants, they failed to provide a railroad car which was safe to operate in the service to which it was intended and to provide a railroad car with an automatic coupler which would couple on impact, in violation of Section 2 aforesaid; that as a direct and proximate result of the negligence of the defendants, plaintiff sustained injuries for which he prays damages.

Defendant The New York Central Railroad Company removed the cause to this court, alleging that the action was founded on a claim or right arising under the laws of the United States in that plaintiff's charge in Count II of his complaint against the petitioner is based

upon an act of Congress of the United States, namely, the Safety Appliances and Equipment on Railroad Engines and Cars and Protection of Employees and Travelers Act, Title 45 U.S.C.A., Sections 1 to 16, inclusive (hereinafter referred to as the Safety Appliance Act), and particularly Section 2.

Plaintiff moves to remand, alleging that the cause of action set forth in Count II is not a claim or right arising under the Constitution or laws of the United States within the meaning of the removal statute and therefore is not removable.

■■ It has long been firmly established that whether a case is one involving a "Federal question" as a case arising under the Constitution, laws, or treaties of the United States is to be determined from plaintiff's statement of his own cause of action in his original pleading. The rule is fundamental that the asserted federal question must appear on the face of the complaint, jurisdiction depending on the allegations therein made showing that plaintiff's statement of his own cause of action is based on the Constitution, laws, or treaties of the United States. And the rule is also well settled, by the more modern decisions, that to bring a case within the jurisdiction statutes, the right or immunity created by the Constitution or laws of the United States must be an essential element of plaintiff's cause of action. 12 A.L.R.2d 41–45.

■ The fact that a federal law may or will be drawn into consideration during the course of the litigation is not alone sufficient to support jurisdiction in a federal court. Cities Service Gas Company v. Skelly Oil Company, 165 F.Supp. 31, 34 (U.S.D.C.D.Del., 1958).

■ A question of federal law is often "lurking in the background of every case;" however, in order to invoke the jurisdiction of a federal court, there must be "a substantial claim founded 'directly' upon federal law." Johnston v. Byrd, 354 F.2d 982, 984 (5th Cir., 1965).

A question somewhat akin to that here presented was before the United States District Court for the Eastern District of Tennessee, Northern Division, in Dennis v. Southeastern Aviation, Inc., 176 F.Supp. 542. Dennis involved an action for the wrongful death of an airline passenger. The case was removed from the state to the federal court on the basis of an allegation that the defendant had violated federal rules and regulations promulgated under the Federal Civil Aeronautics Act and therefore a right arising under the federal laws was present. Upon motion the cause was remanded to the state court. In determining that the case was improperly removed, the Court stated:

"Bearing in mind that the allegation as to violation of the federal regulation simply tendered another issue of negligence, and involved no question of the validity or interpretation of the regulation, and bearing in mind further that all doubts should be resolved in favor of remand, * * *, the Court is of the opinion that remand should be granted."

In Boncek v. Pennsylvania R. Co., 105 F.Supp. 700 (D.C.N.J.), one of the charges of negligence was a failure to comply with federal regulations. The Court found that the action for negligence was premised on the law of the state and that the allegation of negligence under the federal law simply tendered an issue of fact whether the train was operated without brakes being in an operative condition. The Court stated that no right was alleged which would be supported if the Act be given one construction or effect, and defeated if given another, and therefore no federal question was presented.

In Andersen v. Bingham & Garfield Railway Co., 10 Cir., 169 F.2d 328, 14 A.L.R.2d 987, a citizen of Utah brought suit in the state court for personal injuries against a Utah railroad corporation, resulting from a collision in Utah between plaintiff's automobile and a train operated by the defendant. The complaint alleged that defendant was a

carrier in interstate commerce and that the injuries to plaintiff arose in the course of such business. Numerous grounds of negligence were alleged, one of which was a violation of the Federal Safety Appliance Act. Defendant removed to the federal court. Motion to remand was denied. A verdict was returned for plaintiff and judgment entered; both parties appealed; the Court of Appeals reversed and remanded to the state court, holding that the action was not one arising under the laws of the United States in such a sense as to warrant a federal court retaining jurisdiction upon removal. The Court emphasized that although the Safety Appliance Act imposed duties on carriers with respect to brakes broad enough to include protection of travelers at crossings, such act did not attempt to lay down rules governing actions for enforcing such rights and left the nature, incidents, and regulation of the remedy to state law. The Court held that such an action did not take its origin in the laws of the United States but had its genesis in either the statutory or common law of the state. The Court stated that the allegations of the complaint merely tendered an issue of fact as to whether the train was operated without brakes being in operative condition as required by the Act and that the complaint did not present a controversy as to the validity, construction or effect of the Act and did not set forth any right or immunity which would be supported if the Act were given one construction or effect and defeated if given another.

Considering the complaint in its entirety and each count separately, the basis upon which the action is founded is negligence or breach of warranty; and it makes no difference whether the negligence pleaded is founded on common law principles or upon the violation of state or federal statute, still the gist of the action is negligence.

The gravaman of the cause of action stated in Counts II and IV is negligence and, the cause of action being based on negligence, the alleged violation of the statute is merely one of the props utilized here to support the negligence allegations. That one of the props is the alleged violation of a federal statute does not remove the cause of action from the realm of negligence and give rise to a claim or right arising under the Constitution, treaties or laws of the United States, which is a prerequisite for removing causes from the state court to the federal court in the absence of other jurisdictional grounds.

The Court finds that the cause of action was improperly removed to this court and therefore will remand the same to the Circuit Court of St. Clair County, Illinois.

It is, therefore, the order of this Court that plaintiff's motion to remand be and the same is hereby allowed and this cause is hereby remanded to the Circuit Court of St. Clair County, Illinois.