**Victor C. RASMUSSEN,
Plaintiff-Appellant,**

v.

**THOMSON & McKINNON AUCHINCLOSS KOHLMEYER, INC., et al.,
Defendants-Appellees.**

No. 77–3172.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1979.

---

Marvin P. Nodvin, J. Steven Cheatwood, Atlanta, Ga., for plaintiff-appellant.

Jay I. Solomon, Atlanta, Ga., for Thomson & McKinnon Auchincloss Kohlmeyer, Inc., & Herman Kohlmeyer, Sr.

G. Donald Johnson, Atlanta, Ga., for L. V. Butler, The Johnston Co., & Reynolds Cotton Co.

Before TUTTLE, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

Rasmussen, the plaintiff, filed an action against Kohlmeyer, Inc., and others, alleging violations of federal securities law and state law. He appeals from orders of the district court dismissing the action as to certain defendants and granting summary judgment in favor of others.

In 1974, plaintiff (a Georgia resident) and defendant Butler (a Tennessee resident) discussed by telephone an arrangement whereby the Johnston Company or the Reynolds Company would serve as plaintiff's investment advisor in trading of commodity futures. Butler was an officer of both of these Tennessee companies. In June of 1974, Butler mailed to the plaintiff two letter agreements, one on behalf of each company, setting out the contract terms. The plaintiff signed them and returned them for signature of the other party. The contract provided that Johnston was to receive 33⅓% of the net profits earned by the plaintiff *at the closeout of each trade.* Butler placed commodity trades on behalf of the plaintiff with defendant Thomson & McKinnon, through Herman Kohlmeyer.

Plaintiff became disturbed when he realized that, under the contract, he was required to make payments to Johnston even if he had sustained a net loss. He was required to pay Johnston $13,000 in fees because some of the individual trades earned a profit, even though his trades over the entire period resulted in a net loss.

Plaintiff then brought a six-count complaint against Butler, Johnston Company, Reynolds Company, Thomas & McKinnon, and Kohlmeyer. Count One charged all defendants with violation of the Investment Advisors Act of 1940, 15 U.S.C. § 80b–1, because they failed to register as investment advisors, as required by the Act. The district court dismissed this claim on the ground that an investment advisor is one who advises others regarding investment in securities. 15 U.S.C. § 80b–1. Butler and Johnston advised the plaintiff as to the value of commodities, which are not securities within the meaning of the federal securities laws. *SEC v. Continental Commodi-* *ties Corp.*, 497 F.2d 516, 520–23 (5th Cir. 1974).

Count Two charged Butler, Johnston, and Reynolds with violation of § 5 of the Securities Act of 1933, 15 U.S.C. § 77e. Plaintiff contended that the contract between the plaintiff and defendants was an investment contract (a security) which was not registered as required by this provision of the Act. He also claims that this failure to register the contract was fraudulent, violating section 17 of the 1933 Act, 15 U.S.C. § 77q. The district court agreed that a discretionary account in commodities futures is an investment contract, *SEC v. Continental Commodities Corp.*, 497 F.2d 516 (5th Cir. 1974), but held that it is not a "public offering" and is therefore exempt from the registration requirements of § 77c (relying on *Milnarik v. M–S Commodities, Inc.*, 320 F.Supp. 1149 (N.D.Ill.1970)).

Count Three charged Butler, Johnston, and Reynolds with violation of various sections of the Commodity Exchange Act, 7 U.S.C. §§ 6d *et seq.* by reason of their failure to register as futures commission merchants. The district court held that the defendants did not come within the definition of futures commission merchants. They merely acted as advisors, placing the orders with Thomson & McKinnon, the merchants.

After dismissing these federal claims, the district court proceeded to the state claims, based on diversity jurisdiction.

Count Four charged all defendants with violation of Ga.Code Ann. § 97–112, alleging that they sold an investment contract which they failed to register under § 97–105. The court initially refused to grant the defendants' motion to dismiss this count as against Butler, Johnston, and Reynolds, noting that the discretionary account was an investment contract under § 97–102(a)(16), and was sold to a person in Georgia pursuant to § 97–105. The count was dismissed as to Thomson & McKinnon, since they did not sell any securities to the plaintiff. In a later order, the court granted summary judgment for the three remaining defendants on this count, holding that, un-

der Georgia law, the sale did not take place in Georgia (citing *Allen v. Smith & Medford, Inc.*, 129 Ga.App. 538, 199 S.E.2d 876 (1973); *Eldon Industries, Inc. v. Paradies & Co.*, 397 F.Supp. 535 (N.D.Ga.1975)).

Count Five charges all defendants with commercial gambling in violation of Ga. Code Ann. § 26–2703(d). The court below dismissed this count on the ground that the Commodity Exchange Act preempts all state laws inconsistent with its provisions.

Count Six charged all defendants with common law fraud. This count was dismissed because the plaintiff failed to allege misrepresentation, reliance, or any acts that would constitute fraud.

We affirm the judgment of the trial court with respect to each of the counts. However, we think it was unnecessary for the court to make as broad a holding as it did with respect to whether a discretionary account is never to be considered a "public offering." In dealing with Count Two, as outlined above, the court said: "By designating a discretionary account an investment contract, the Court [of Appeals] opened the way for securities fraud actions to be brought against commodities advisors; by holding that such contracts are not public, this Court merely relieves such advisors of the cumbersome registration requirements meant to be applied to uniform offerings to the public." The court cited *Milnarik v. M–S Commodities, Inc.*, 320 F.Supp. 1149 (N.D.Ill.1970), *aff'd on other grounds*, 457 F.2d 274 (7th Cir. 1972), *cert. denied*, 409 U.S. 887, 93 S.Ct. 113, 34 L.Ed.2d 144 (1972). We agree that there was no showing in this case that the particular contract was a part of a "public offering," and that therefore the trial court correctly disposed of this claim. Because it is not necessary to the decision, however, we expressly pretermit the question whether, as stated in *Milnarik*, such a "discretionary account" may never be found to be a part of a "public offering."

The judgment is AFFIRMED.