**Kermit C. ZIEG, et al., Plaintiffs,**

v.

**SHEARSON/AMERICAN EXPRESS INC., et al., Defendants.**

**Civ. A. No. 84–0199–A.**

United States District Court,
E.D. of Virginia,
Alexandria Division.

Sept. 6, 1984.

Steven M. Garver, Garver & Moller, Reston, Va., for plaintiffs.

John A.C. Keith, Blankingship & Keith, Fairfax, Va., for defendants.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

Plaintiffs originally filed this case in Fairfax County Circuit Court. They allege that defendants, who are involved in commodities brokering, acted negligently and violated the parties' contract in handling their commodities futures accounts. Defendants, who seek to remove the case to federal court, have filed a petition for removal with this Court. In response, plaintiffs have filed a motion to remand the case to state court, contending that removal is improper.

Defendants may remove the case if this Court possesses original jurisdiction over it. 28 U.S.C. § 1441. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over actions "arising under" federal law. The issue now before the Court is whether the case may be deemed to "arise under" the Commodity Exchange Act. 7 U.S.C. § 1 *et seq.*

■ In determining whether an action arises under federal law, courts have applied what is known as the well-pleaded complaint rule:

whether a case is one arising under [federal law] ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint], unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 725, 58 L.Ed. 1218 (1914) *quoted in Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, ——, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). Viewed in terms of the face of their complaint, plaintiffs' claims are based solely on state law. It is true that Count IV of the complaint alleges that defendants violated the Commodity Exchange Act. Plaintiffs, however, do not ultimately ground their claim on federal law. Al-

though the Supreme Court has recognized a private cause of action in favor of persons injured by brokers who violate the Act, *Merrill Lynch, Fenner & Smith, Inc. v. Curran,* 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982), plaintiffs' counsel adamantly insisted at oral argument that he is not asserting, nor will assert, a claim under the Act. Rather, he is arguing only that defendants' violation of the Act constitutes negligence per se under state law. A state law negligence cause of action that incorporates federal law by reference does not "arise under" federal law. *See, e.g., Owens v. New York Central R. Co.,* 267 F.Supp. 252 (Ill.1967); 13 Wright, Miller & Cooper § 3562, at 411–12 (1975). Viewed in isolation, the face of plaintiffs' complaint, together with their counsel's representation, imply that this Court lacks jurisdiction and removal is therefore improper.

Defendants, however, contend that plaintiffs' complaint must be deemed to "arise under" federal law because the Commodity Exchange Act preempts plaintiffs' state law negligence claim. Generally a defendant cannot confer jurisdiction on the federal district court by raising a federal defense of preemption. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, —— – ——, 103 S.Ct. 2841, 2846–48, 77 L.Ed.2d 420 (1983). This rule applies even if the plaintiff's complaint anticipates the defense and even if both parties admit that preemption is the only question truly at issue in the case. 463 U.S. at ——, 103 S.Ct. at 2848.

The Supreme Court has recognized an important exception to the general principle that a federal defense of preemption does not transform a case into one arising under federal law. This exception holds that where a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action is deemed to arise under federal law. 463 U.S. at ——, 103 S.Ct. at 2852. This exception stems from *Avco Corp. v. Aero Lodge No. 735,* 376 F.2d 337, 339–40 (6th Cir.1967), *aff'd,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). There an employer sought to en-

force a contract with its union under principles of state contract law. It was clear, however, that § 301 of the Labor Management Relations Act, a federal statute, provided the controlling law and preempted any state law action to enforce a labor/management contract. The Sixth Circuit held, and the Supreme Court affirmed, that the action arose under federal law, notwithstanding the fact that the complaint undoubtedly pled a claim for relief only under state law. The rationale for this holding is that where a state cause of action is completely preempted, the facts alleged in the complaint necessarily raise an issue of federal law. And, as the Supreme Court stated in *Franchise Tax Board,* "it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead a necessary federal question in a complaint ..." 463 U.S. at ——, 103 S.Ct. at 2852.

Defendants take the position that the *Avco* exception applies here because the Commodity Exchange Act completely preempts plaintiffs' negligence cause of action. Defendants read *Avco* too broadly.

*Avco* was an exceptional case. When the case was decided it was a clear, well-settled and fundamental principle of labor law that § 301 of the LMRA preempts any state cause of action with respect to labor management contracts. *See Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 559–60, 88 S.Ct. 1235, 1236–37, 20 L.Ed.2d 126 (1968) (citing *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957)); *Franchise Tax Board,* 463 U.S. at —— – ——, 103 S.Ct. at 2852–54. The Court is persuaded that *Avco* is limited to situations where preemption has been clearly established. Otherwise, the *Avco* exception will swallow the general rule that a federal defense of preemption does not convert the case into one "arising under" federal law. Defendants seemingly take the position that in every case where preemption is raised defensively, the federal district court, in determining whether the Avco exception applies, must decide whether the state cause of action is, in fact,

preempted. Under this approach, the federal district court must decide (1) whether federal law completely preempts a state cause of action and, if so, (2) whether the asserted state cause of action is within the scope of the federal cause of action. The Court rejects the suggestion that a federal district court must decide these two issues in every case where a defense of preemption has been raised. This procedure would be flatly inconsistent with the general rule recognized in *Avco* and *Franchise Tax Board*, that a defense of preemption does not confer jurisdiction on a federal district court. The general rule implies that where preemption is raised defensively in state court, the *state court* ordinarily must decide the issue. It would be highly anomolous for federal district courts routinely to decide the only federal issue in a case to determine whether the case arises under federal law. This sequence of issues stands logic on its head. The proper sequence is for the court to decide the merits of the federal issue only after determining that is has jurisdiction over the case. Defendants' position, however, would require the court first to decide the merits of the federal issue so that it can then reach a decision on the jurisdictional issue. This cannot be law.

The better approach is to limit the *Avco* exception to situations where preemption has been clearly established in prior caselaw. Because this approach means that state courts will generally decide the merits of a federal preemption defense, it is more consistent with the general rule that a federal defense does not give a federal district court jurisdiction over the case. Further, this interpretation of *Avco* avoids the anomoly of having the court decide the merits of a federal question so that it can determine whether it has jurisdiction to decide the issue.

So interpreted, the *Avco* exception does not apply on these facts. Unlike *Avco*, the pertinent caselaw here does not clearly establish that federal law preempts the state cause of action on which plaintiff relies. Indeed, the issue of whether the Commodi-

ty Exchange Act preempts a state law negligence cause of action is one of first impression. *Cf. Poplar Grove Planting and Refining Co., Inc. v. Bach Halsey Stuart Inc.*, 465 F.Supp. 585 (D.La.1979); *Rasmussen v. Thomson & McKinnon Auchincloss Kohlmeyer, Inc.*, 608 F.2d 175 (5th Cir.1979).

For the reasons stated above, plaintiffs' motion to remand the case to state court is GRANTED.