[Civ. No. 28920. Fourth Dist., Div. One. May 8, 1984.]

THE PEOPLE, Plaintiff and Appellant, v.
WESTERN AIRLINES, INC., Defendant and Respondent.

598

COUNSEL

John K. Van de Kamp, Attorney General, Herschel T. Elkins, Assistant Attorney General, Albert Norman Shelden and M. Howard Wayne, Deputy Attorneys General, John W. Witt, City Attorney, Ted Bromfield and Susan D. Huguenor, Deputy City Attorneys, for Plaintiff and Appellant.

Miller, Boyko & Bell, Edgar Paul Boyko, Fletcher W. Paddison and Robert K. Schraner for Defendant and Respondent.

## OPINION

**BROWN (Gerald), P. J.,**—The People sued Western Airlines, Inc., for civil penalties and injunction, alleging Western violated Business and Professions Code section 17500 and Civil Code section 1770, subdivision (m), and engaged in unfair competition under Business and Professions Code section 17200 et seq., by making false and misleading statements implying fare savings in advertising promotions. Western demurred, asserting the complaint was preempted by 49 United States Code section 1305 and violated the commerce clause of the United States Constitution (art. I, § 8). Western also asserted under 49 United States Code section 1381 the Civil Aeronautics Board (Board) had primary jurisdiction over complaints about deceptive advertising and the court lacked subject matter jurisdiction. After hearing, the superior court found the matters raised in the complaint were preempted by federal law. The court sustained Western's demurrer without leave to amend. The People appeal.

Under 49 United States Code section 1381, enacted as part of the Federal Aviation Act of 1958, the Board in the public interest may investigate and determine whether any air carrier "has been or is engaged in unfair or deceptive practices or unfair methods of competition in air transportation or the sale thereof"; the Board has power to order air carriers to cease such improper conduct.

Under 49 United States Code section 1506, also enacted as part of the Federal Aviation Act of 1958, nothing in chapter 20 of title 49, United States Code (the Federal Aviation Program) "shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies."

Under 49 United States Code section 1302(a)(7), as amended by the Airline Deregulation Act of 1978, the Board in exercising its powers and duties shall consider "as being in the public interest . . . prevention of unfair, deceptive, predatory, or anticompetitive practices in air transportation . . ."

Under 49 United States Code section 1305(a), added by the Airline Deregulation Act of 1978, no state or its political subdivision "shall enact or enforce any law . . . relating to rates, routes, or services" of an authorized interstate air carrier.

■ Asserting this lawsuit does not involve matters preempted by federal law, the People contend the court erred in sustaining Western's demurrer. The Federal Aviation Program expressly preempts state regulation of interstate air carriers only as to laws "relating to rates, routes, or services." (49 U.S.C. § 1305(a).) Here the People do not seek to enforce a law relating to rates, routes or services; the People do not challenge Western's rates, routes or services. The People's complaint involves the distinct issue of the manner Western advertised its rates and services. (See *Brunwasser* v. *Trans World Airlines, Inc.* (1982) 541 F.Supp. 1338, 1346.) Title 49 United States Code section 1305(a) does not insulate Western from liability for violating California statutes prohibiting false advertising.

Under 49 United States Code sections 1302 and 1381, Congress granted the Board authority to regulate in the public interest unfair competition and deceptive practices by interstate air carriers. However, nothing in the Federal Aviation Program suggests by granting the Board such authority Congress intended to prevent states from also regulating deceptive advertising practices by interstate air carriers. (See *Head* v. *New Mexico Board* (1963) 374 U.S. 424, 430-432 [10 L.Ed.2d 983, 988-990, 83 S.Ct. 1059]; see also *Nader* v. *Allegheny Airlines, Inc.* (1976) 426 U.S. 290, 300-303 [48 L.Ed.2d 643, 652-654, 96 S.Ct. 1978].) Further, nothing in this record suggests enforcing California's false advertising statutes against interstate air carriers in any manner conflicts with the Federal Aviation Program or impedes Congress' objectives in enacting such program. (See *Greater Westchester Homeowners Assn.* v. *City of Los Angeles* (1979) 26 Cal.3d 86, 93-94 [160 Cal.Rptr. 733, 603 P.2d 1329].) Moreover, the Federal Aviation Program generally preserves existing common law and statutory remedies while providing additional remedies (49 U.S.C. § 1506). Given section 1506, state regulation of interstate air carriers is preempted only where the federal and state regulatory schemes conflict irreconcilably (*Nader* v. *Allegheny Airlines, supra,* 426 U.S. 290, 299 [48 L.Ed.2d 643, 652]). Nothing in this record suggests any inconsistency between California's false advertising statutes and the Federal Aviation Program precluding as a matter of law their coexistence here; any assertion of more than incidental impact on rates resulting from California imposing liability on Western for false advertising or from Western adopting practices to avoid such liability involves factual issues beyond the scope of demurrer. On this record the People's complaint is not preempted by federal law.

■ Western contends state regulation of advertising by interstate air carriers unconstitutionally burdens interstate commerce. However, Western points to nothing in this record supporting such contention as a matter of law. Nothing in this record suggests California's false advertising statutes as a matter of law discriminate against air carriers engaged in interstate

commerce or impinge upon an area of interstate commerce requiring uniform regulation. (See *Head* v. *New Mexico Board, supra,* 374 U.S. 424, 429 [10 L.Ed.2d 983, 988].) Any contention such statutes as applied to regulate Western's advertising unconstitutionally burden interstate commerce involves factual issues beyond the scope of demurrer. The superior court should have overruled Western's demurrer. The judgment is reversed.

Staniforth, J., and Work, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 26, 1984.