PEOPLE OF the STATE OF CALIFORNIA, Plaintiff,

v.

TRANS WORLD AIRLINES, INC., a Delaware corporation, and Does 1–10, inclusive, Defendants.

Civ. No. 89–0538–G(CM).

United States District Court, S.D. California.

Sept. 13, 1989.

M. Howard Wayne, Deputy Atty. Gen., San Diego, Cal., for plaintiff.

Bless Young, Fulbright, Jaworski & Reavis McGrath, Los Angeles, Cal., Ronald D. Secrest, Fulbright & Jaworski, Houston, Tex., for defendants.

## MEMORANDUM DECISION AND ORDER

GILLIAM, District Judge.

Plaintiff's motion to remand came on for hearing on September 5, 1989, before the Honorable Earl B. Gilliam. Plaintiff was represented by M. Howard Wayne. Defendant was represented by Bless Stritar Young and Ronald D. Secrest. At the conclusion of the hearing, the court ruled that the motion to remand was granted, but reserved its ruling on whether the remand should be stayed and informed the parties it would issue a written opinion. Having considered the points and authorities and oral argument of counsel, the court issues this memorandum decision granting the motion to remand effective immediately with no stay of this ruling.

## FACTS

This is a consumer protection case brought by the People of the State of California against Trans World Airlines (TWA), a Delaware corporation. Plaintiff alleges that in the course of advertising and selling passenger travel in the State of California, through the California media, defendant violated various sections of the California Business and Professions Code (CBPC).

In February 1989, defendant placed display ads in California newspapers advertising in large print a fare of "$219 London." (See Exhibit 1 attached to plaintiff's complaint.) In much smaller print, the ad noted "each way based on roundtrip purchase." At a lower portion of the ad, under the heading "Fare Conditions," the ad read "Fare does not include $23 U.S. departure tax, security surcharges, federal inspection fees and other gov't taxes." Therefore, the actual total roundtrip price was $461. Plaintiff alleges that these portions of the ad violated the following sections of the CBPC:

1. § 17504(a) (prohibiting companies doing business in California from advertising consumer services which are sold only in multiple units at any price other than the multiple unit price at which they are offered);

2. § 17200 (prohibiting unfair business practices);

3. § 17500 (prohibiting the making or disseminating of untrue or misleading statements in the sale of any goods or services).

The same ad also stated that one who took advantage of defendant's London fare could "Drive an Alamo rental car, 3 days free." The ad explained that "Starting on the day you arrive in London, you can get

three days free use of an Alamo economy car with unlimited mileage...." A footnote, in smaller type, stated that with respect to the car offer, "Fuel, taxes, optional items not included...." (See Exhibit 1 attached to plaintiff's complaint.) Plaintiff also alleges that the ad failed to state that the consumer was required to pay a mandatory fee for fuel regardless of whether the consumer used any substantial portion of the fuel supplied. Therefore, plaintiff alleges that the car ad violates CBPC § 17500, *supra.*

Plaintiff filed suit in the Superior Court for San Diego County on March 9, 1989. Defendant was served on or about March 14. Defendant removed the case to this court on April 14, 1989, alleging that this court has federal question jurisdiction because 1) federal law completely preempts the California action; 2) federal law conflicts with the action; 3) substantial questions of federal and constitutional law are raised by the action. Plaintiff filed a motion to remand the case back to state court on May 12, 1989. Defendant opposes the motion to remand and has moved to stay this action, or in the alternative, transfer this action to the Western District of Texas where somewhat related cases are pending.

## DISCUSSION

■ Plaintiff's complaint raises no federal issues on its face, and defendant cannot establish removal jurisdiction because of its federal law and constitutional defenses. Justice Brennan recently stated the jurisdictional test for a unanimous court in *Franchise Tax Board:*

[O]riginal federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is "really" one of federal law.

*Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). In that case, the plaintiff state tax authorities had sued to enforce its levies against a fund covered under the Employee Retirement Income Security Act (ERISA) and to

obtain a declaratory judgment on the validity of the levies notwithstanding ERISA. The Supreme Court held that there was no federal question jurisdiction, because even this suit did not "turn" on a question of federal law. The Court explained that Congress must explicitly intend to preempt the plaintiff's cause of action by giving her some form of relief under the federal statute at issue. In that case, ERISA did not have a provision allowing state tax authorities to sue, therefore the claim "arose under" state law, and state law only.

*Metropolitan Life Ins. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), another unanimous Supreme Court decision, basically affirmed the principles of *Franchise Tax Board.* It held that the plaintiff's state law claim for reimplementation of insurance benefits and related contract and tort claims was removable, but only because Congress intended to completely preempt state law in this area, *and* they provided this plaintiff with an exclusive federal cause of action under ERISA for this type of claim. *Id.*

■ In the instant case, plaintiff could not bring an action under the Federal Aviation Act or its counterparts to enjoin the alleged false advertising. It appears from the statute that only the Administrator of the FAA may institute a civil action against an airline for a violation of the statute. *See* 49 U.S.C.A.App. § 1471. In fact, the whole contention of defendant is that the Department of Transportation (DOT) has sole authority to enforce alleged unfair advertising. Assuming arguendo that state regulation of airline advertising were preempted, since the Federal Aviation Act gives plaintiff no cause of action, plaintiff may bring a suit to enforce its alleged right in state court, and such a case "arises under" state law only. *See Franchise Tax Board, supra.*

Defendants argue that a recent case in this circuit held that federal courts have jurisdiction whenever an area of state law is completely preempted, but again, that court found removal jurisdiction only after it determined that the plaintiff's claim could have been brought under Labor

Management Relations Act (LMRA) § 301. *See Newberry v. Pacific Racing Ass'n.,* 854 F.2d 1142, 1146–48 (9th Cir.1988); *see also Caterpillar v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (unanimous opinion).

This court will follow the recent advice of Justice Brennan: "In future cases involving other statutes [other than ERISA or the LMRA], the prudent course for a federal court that does not find a *clear* congressional intent to create removal jurisdiction will be to remand the case to state court." *Metropolitan Life Ins.,* 481 U.S. at 68, 107 S.Ct. at 1548 (Brennan, J., concurring) (emphasis in original). Remand is especially appropriate since improper removal results in vacating our judgment later for lack of subject matter jurisdiction.

Granting a stay pending resolution of motions before the Judicial Panel on Multidistrict Litigation, or pending resolution of a somewhat related case in the Western District of Texas is impractical, because neither action is binding on this court if we do not have subject matter jurisdiction. Granting a transfer to the Western District of Texas is equally impractical. Since this court does not have subject matter jurisdiction in this case, neither does a federal court in Texas.

Plaintiff's motion to remand is hereby granted, and defendant's motions to stay or transfer are hereby denied. This case shall be remanded to the California Superior Court for San Diego County.

IT IS SO ORDERED.