**STATE OF KANSAS, ex rel., Robert T. STEPHAN, Attorney General, Plaintiff,**

v.

**TRANS WORLD AIRLINES, INC., Defendant.**

Civ. A. No. 89–4080–S.

United States District Court, D. Kansas.

Jan. 29, 1990.

Robert T. Stephan, Atty. Gen., and D. Jeanne Kutzley, Asst. Atty. Gen., Topeka, Kan., for plaintiff.

Ronald D. Secrest, Fulbright & Jaworski, Houston, Tex., Joseph W. Kennedy, Morris, Laing, Evans, Brock & Kennedy, Chtd., Wichita, Kan., and Eva Powers, Morris, Laing, Evans, Brock & Kennedy, Chtd., Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion to remand this action to state court and on defendant's motion for a stay or transfer of venue. This action was originally filed in the District Court of Shawnee County, Kansas by the Attorney General of the State of Kansas, Robert T. Stephan (hereafter, "Stephan"). In his complaint, filed April 3, 1989, Stephan alleges that defendant Trans World Airlines, Inc. ("TWA") engaged in "deceptive and unconscionable acts and practices in violation of the Kansas Consumer Protection Act, K.S.A. 50–626 and K.S.A. 50–627" in advertisements placed in Kansas newspapers in March 1989.

On April 18, 1989, TWA removed this action to this court. TWA's removal was based on 28 U.S.C. § 1441(b) which provides:

**(b)** Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties ...

TWA's primary defense to Stephan's action is that federal law, namely the Federal Aviation Act ("the Act"), specifically, 49 U.S.C.App. § 1305(a)(1), preempts actions brought under state consumer protection laws against airline advertising. Based on this federal preemption defense, TWA argues that this action, although brought under the Kansas Consumer Protection Act, "arises under" federal law, and is thus removable. The question before the court, therefore, on plaintiff's motion to remand is whether plaintiff's complaint, although based on state law, can be deemed to "arise under" federal law by virtue of TWA's defense that the Act preempts enforcement of state consumer protection laws in relation to airline advertising.

Under the "well-pleaded complaint rule," plaintiff's complaint, not defendant's anticipated federal law-based defense, determines whether an action is removable. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987). Because in this case, plaintiff's complaint is based entirely upon state law, the well-pleaded complaint rule does not support TWA's removal.

The United States Supreme Court has, however, found an exception to the well-pleaded complaint rule under the "complete preemption" doctrine. *Id.* Under this doctrine, a state law based complaint may be said to "arise under" federal

law when the preemptive force of a federal statute is so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)). The complete preemption doctrine has been applied primarily in cases raising claims preempted by Section 301 of the Labor Management Relations Act ("LMRA"), *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), and, most recently, to claims within the scope of 502(a) of ERISA. *See Metropolitan Life Ins. Co.,* 481 U.S. at 66, 107 S.Ct. at 1547.

TWA's first argument in favor of removal, therefore, is that the Federal Aviation Act completely preempts actions of this type, thus invoking the "complete preemption" exception to the well-pleaded complaint rule. The preemption section of that statute provides, in relevant part:

> [N]o State or political subdivision thereof and no interstate agency or other political agency of two or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law *relating to rates, routes or services of any air carrier....*

49 U.S.C.App. § 1305(a)(1) (emphasis added).

■ In deciding whether Stephan's claim is necessarily federal in character, a court is not to determine the merits of defendant's preemption argument, but rather a court is to determine whether Congress intended to make any action concerning the federally-governed area an action arising under federal law, even if the plaintiff's well-pleaded complaint raises only state law claims. *See Metropolitan,* 481 U.S. at 66, 107 S.Ct. at 1547. As the party urging preemption, TWA must demonstrate congressional intent to make any claims arising within the scope of the federal statute removable to federal court. *Metropolitan,* 481 U.S. at 67–68, 107 S.Ct. at 1548 (J. Brennan, concurring). If no such clear congressional intent is shown, a federal

court should remand the case to state court. *Id.*

■ The court finds that TWA has not met its burden of demonstrating clear congressional intent to make cases such as the present one removable. The court finds that the language of the preemption section precluding state regulation "relating to rates, routes or services" does not by its terms include advertising. *See People v. Western Airlines, Inc.,* 155 Cal.App.3d 597, 202 Cal.Rptr. 237 (1984), *cert. denied,* 469 U.S. 1132, 105 S.Ct. 815, 83 L.Ed.2d 808 (1985) ("[section 105] does not insulate Western from liability for violating California statutes prohibiting false advertising"). The court accordingly finds that the Act does not provide a basis for removal under the "complete preemption" exception to the well-pleaded complaint rule. *See Brunwasser v. Trans World Airlines, Inc.,* 541 F.Supp. 1338, 1345 (W.D.Pa.1982) (holding that the Act did not preempt an action under Pennsylvania consumer protection law as the federal regulatory scheme was intended to supplement existing common law and statutory remedies, not supplant them). *See also* 49 U.S.C.App. § 1506 (providing that existing common law and statutory remedies are preserved under the Act); *Nader v. Allegheny Airlines, Inc.,* 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976).

The court further finds that TWA has failed to present convincing evidence from the legislative history of the Federal Aviation Act that Congress intended to make state actions such as the present one removable. *See Wolens v. American Airlines, Inc.,* No. 88–C–8158, 1988 WL 116828 (N.D.Ill., Oct. 25, 1988) (remanding to state court a state law based challenge to the airline's frequent flyer program, finding no preemption by federal law and no evidence of such legislative intent in the legislative history of the statute). The court notes that while a federal court in Texas has denied a similar motion to remand, *Texas v. Pan Am. World Airways, Inc.,* No. 3–89–0713–H (N.D.Tex., *unpublished,* Apr. 19, 1989), federal district courts in New York, Illinois and California have remanded sim-

ilar cases to state court. *See California v. Trans World Airlines, Inc.*, 720 F.Supp. 826 (S.D.Cal.1989); *Wolens, supra;* *New York v. Trans World Airlines*, 728 F.Supp. 162 (S.D.N.Y.1989).

■ The court further finds that TWA's second and third arguments in favor of removal, i.e., that this action conflicts with federal law and that a substantial question of federal law is presented in this case, do not provide a sufficient basis for removal in light of the above analysis regarding the "well-pleaded complaint rule" and the "complete preemption" exception to the rule. The court notes that TWA's contentions would require this court to make a decision on the merits of the preemption issue before finding that the court has proper removal jurisdiction. This would be improper. *Cf. Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776–77 (7th Cir.1986). This court also notes that the interpretation and application of federal law has never been the exclusive province of federal courts; this court has every confidence that the courts of the State of Kansas can and will properly apply federal law in this matter.

As the court finds removal of this case to have been improper, the court will grant plaintiff's motion to remand this case to the District Court of Shawnee County, Kansas. TWA's motion to stay or transfer this case will therefore be denied as moot.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion to remand is hereby granted. Pursuant to 28 U.S.C. § 1447(c), the court awards plaintiff costs of this removal.

IT IS FURTHER ORDERED that defendant's motion to stay or transfer venue in this case is now moot, and therefore, is denied.