AVCO CORP. *v.* AERO LODGE NO. 735, INTERNA-
TIONAL ASSOCIATION OF MACHINISTS &
AEROSPACE WORKERS, ET AL.

No. 445.   Argued March 11, 1968.—Decided April 8, 1968.

*J. Mack Swigert* argued the cause for petitioner.   With
him on the briefs were *Warren G. Sullivan, Don A. Banta,*
*William Waller, Robert G. McCullough* and *John B.*
*Hollister.*

*Bernard Dunau* argued the cause for respondents.
With him on the brief were *Plato E. Papps, Cecil D.*
*Branstetter* and *Carrol D. Kilgore.*

Briefs of *amici curiae,* urging reversal, were filed by *Jerome Powell, Robert M. Scott* and *William H. Willcox* for the Chamber of Commerce of the United States et al., and by *Herman Lazarus* and *Harold Jacobs* for the Labor Relations Committee of Council of State Chambers of Commerce et al.

Brief of *amicus curiae,* urging affirmance, was filed by *J. Albert Woll, Laurence Gold* and *Thomas E. Harris* for the American Federation of Labor and Congress of Industrial Organizations.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Petitioner filed a suit in a state court in Tennessee to enjoin respondent union and its members and associates from striking at petitioner's plant. The heart of the complaint was a "no-strike" clause in the collective bargaining agreement by which "grievances" were to be settled amicably or by binding arbitration. The eligibility of employees for promotion engendered disputes—allegedly subject to the grievance procedure—which so far as appears involved no violence or trespass but which resulted in work stoppages and a walkout by employees. The state court issued an *ex parte* injunction.

Respondents then moved in the Federal District Court for removal of the case.[1] A motion to remand to the

---

[1] 28 U. S. C. § 1441 provides in relevant part:

"Actions removable generally.

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original

state court was made and denied, the District Court·ruling that the action was within its original jurisdiction. The District Court granted respondents' motion to dissolve the injunction issued by the Tennessee court. The Court of Appeals affirmed. 376 F. 2d 337. We granted the petition for certiorari (389 U. S. 819) because of an apparent conflict between the decision below and *American Dredging Co.* v. *Local 25,* 338 F. 2d 837, from the Court of Appeals for the Third Circuit.

The starting point is § 301 of the Labor Management Relations Act, 1947, 61 Stat. 156, 29 U. S. C. § 185, which, we held in *Textile Workers* v. *Lincoln Mills,* 353 U. S. 448, was fashioned by Congress to place sanctions behind agreements to arbitrate grievance disputes. We stated:

> "We conclude that the substantive law to apply in suits under § 301 (a) is federal law, which the courts must fashion from the policy of our national labor laws. . . . The Labor Management Relations Act expressly furnishes some substantive law. It points out what the parties may or may not do in certain situations. Other problems will lie in the penumbra of express statutory mandates. Some will lack express statutory sanction but will be solved by looking at the policy of the legislation and fashioning a remedy that will effectuate that policy. The range of judicial inventiveness will be determined by the nature of the problem. . . . Federal interpretation of the federal law will govern, not state law. . . . But state law, if compatible with the purpose of § 301, may be resorted to in order to find the rule that will best effectuate the federal

jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . ."

policy. . . . Any state law applied, however, will be absorbed as federal law and will not be an independent source of private rights." 353 U. S., at 456–457.

An action arising under § 301 is controlled by federal substantive law even though it is brought in a state court.[2] *Humphrey* v. *Moore,* 375 U. S. 335; *Local 174* v. *Lucas Flour Co.,* 369 U. S. 95; *Charles Dowd Box Co.* v. *Courtney,* 368 U. S. 502. Removal is but one aspect[3] of "the primacy of the federal judiciary in deciding questions of federal law." See *England* v. *Medical Examiners,* 375 U. S. 411, 415–416.

It is thus clear that the claim under this collective bargaining agreement is one arising under the "laws of the United States" within the meaning of the removal statute. 28 U. S. C. § 1441 (b). It likewise seems clear that this suit is within the "original jurisdiction" of the District Court within the meaning of 28 U. S. C. §§ 1441 (a) and (b). It is true that the Court by a 5-to-3 decision in *Sinclair Refining Co.* v. *Atkinson,* 370 U. S. 195, held that although a case was properly in the federal district court by reason of § 301, the Norris-LaGuardia Act bars that court from issuing an injunction in the labor dispute.

---

[2] We find it unnecessary to rule on the holding of the Court of Appeals below that "the remedies available in State Courts are limited to the remedies available under Federal law." 376 F. 2d, at 343. That conclusion would suggest that state courts are precluded by § 4 of the Norris-LaGuardia Act from issuing injunctions in labor disputes, even though the defendant does not exercise his right—which we confirm today—to remove the case to the District Court under 28 U. S. C. § 1441 (b), and the state court therefore retains jurisdiction over the action. We have no occasion to resolve that matter here, since respondents did elect to have the case removed.

[3] See A. Dobie, Handbook of Federal Jurisdiction and Procedure 346 (1928); H. Hart & H. Wechsler, The Federal Courts and the Federal System 727–733, 1019–1020 (1953).

The nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy. The relief in § 301 cases varies—from specific performance of the promise to arbitrate (*Textile Workers* v. *Lincoln Mills, supra*), to enforcement or annulment of an arbitration award (*United Steel Workers* v. *Enterprise Wheel & Car Corp.*, 363 U. S. 593), to an award of compensatory damages (*Atkinson* v. *Sinclair Refining Co.*, 370 U. S. 238), and the like. See *Smith* v. *Evening News Assn.*, 371 U. S. 195, 199–200. But the breadth or narrowness of the relief which may be granted under federal law in § 301 cases is a distinct question from whether the court has jurisdiction over the parties and the subject matter. Any error in granting or designing relief "does not go to the jurisdiction of the court." *Swift & Co.* v. *United States*, 276 U. S. 311, 331. Cf. *Zwickler* v. *Koota*, 389 U. S. 241, 254–255. When the Court in *Sinclair Refining Co.* v. *Atkinson, supra,* at 215, said that dismissal of a count in the complaint asking for an injunction was correct "for lack of jurisdiction under the Norris-LaGuardia Act," it meant only that the Federal District Court lacked the general equity power to grant the particular relief.[4]

Title 28 U. S. C. § 1337 says that "The district courts shall have original jurisdiction of any civil action or pro-

---

[4] Another question raised here is whether the District Court, to which the action had been removed, should have dissolved the injunction issued by the Tennessee state court. There is, of course, no question of the power of the District Court to dissolve the injunction. See 28 U. S. C. § 1450. Whether it did so because it felt that action was required by *Sinclair Refining Co.* v. *Atkinson,* 370 U. S. 195, or because of its equity powers or both is not clear. But the Court of Appeals went much further and said in a dictum that "the remedies available in State Courts are limited to the remedies available under Federal law." 376 F. 2d, at 343. We reserve decision on those questions.

ceeding arising under any Act of Congress regulating commerce . . . ." It is that original jurisdiction that a § 301 action invokes. *Textile Workers* v. *Lincoln Mills, supra,* at 457.

*Affirmed.*

MR. JUSTICE STEWART, with whom MR. JUSTICE HARLAN and MR. JUSTICE BRENNAN join, concurring.

I agree that the case before us was removable to the Federal District Court under 28 U. S. C. § 1441.

The District Judge not only denied a motion to remand the case to the state court but also dissolved the state court injunction, and it is only by virtue of the latter order that an appeal was possible at this stage of the litigation. *American Dredging Co.* v. *Local 25,* 338 F. 2d 837, 838, n. 2.

As the Court says, it is not clear whether or not the District Judge dissolved the injunction "because [he] felt that action was required by *Sinclair Refining Co.* v. *Atkinson,* 370 U. S. 195," *ante,* at 561, n. 4. Accordingly, the Court expressly reserves decision on the effect of *Sinclair* in the circumstances presented by this case. The Court will, no doubt, have an opportunity to reconsider the scope and continuing validity of *Sinclair* upon an appropriate future occasion.