**STROEHMANN BROTHERS COMPANY, 1685 Four Mile Drive, Williamsport, Pennsylvania, Plaintiff,**

**v.**

**LOCAL #427 OF the CONFECTIONERY WORKERS INTERNATIONAL UNION OF AMERICA**

**and**

**Its Officers, Agents, Servants, Representatives or Employees, Individually and Collectively and any Person Acting in Concert With Them or Otherwise Participating in Their Aid, Defendant.**

**Civ. No. 70–330.**

United States District Court, M. D. Pennsylvania.

July 25, 1970.

McNerney, Page, Vanderlin & Hall, Charles J. McKelvey, Williamsport, Pa., for plaintiff.

Sidney A. Simon, Williamsport, Pa., and VanArkel & Kaiser, Ronald Rosenberg, Washington, D. C., for defendant.

MEMORANDUM

HERMAN, District Judge.

Before the court is a motion for a preliminary injunction filed on behalf of the Stroehmann Brothers Company to enjoin the defendant, its officers, agents, servants, representatives, or employees from directly, or indirectly, engaging, enticing, or participating in a strike, interruption of work, or partial or complete walkout at plaintiff's plant in Williamsport, Pennsylvania, in violation of Article XIII of their existing collective bargaining agreement dated October 1, 1968.[1]

The within matter had been originally instituted in the Court of Common Pleas of Lycoming County, wherein a complaint in equity was filed on July 7, 1970, seeking a preliminary injunction subsequent to a hearing enjoining the alleged conduct set forth above. The Honorable Thomas Wood, Judge of the Court of Common Pleas of Lycoming County, Commonwealth of Pennsylvania, issued a temporary injunction, which by its terms, was effective for five (5) days pending a hearing to ascertain whether or not the temporary injunction should be continued.

On July 7, 1970, Local #427 of the Bakery and Confectionery Workers International Union of America, AFL-CIO (hereinafter Local 427) filed a petition for removal with the District Court claiming that the United States District Court has jurisdiction of such a matter under § 301 of the Labor Management Act of 1947, and under the "Federal Question" provisions of 28 U.S.C. § 1331. The requisite procedures as set forth in 28 U.S.C. § 1446 were followed, and the court acquired jurisdiction.

Plaintiff Stroehmann Brothers, petitioner herein, filed a motion to remand and a motion for a preliminary injunction. A full hearing was held on July 13, 1970, wherein the court assumed jurisdiction, as dictated by Avco-Corporation v. Aero Lodge 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

At the hearing both parties agreed that as of that moment no picketing was taking place at the Williamsport Plant, and Joseph Malkiewicz, International Representative of the Confectionery Workers International of America, represented to the court that from the International level, at the present time, "there were no proposals at all for continuing the picketing."

Upon the representation that picketing had terminated at the Williamsport Plant, and that there were no plans to continue picketing, the court denied the motion for a preliminary injunction on grounds that no equitable basis existed for issuance, and retained jurisdiction generally.

On July 18, 1970, picketing at the Williamsport Plant resumed and Stroehmann Brothers again sought a preliminary injunction. A hearing was held on

1. "ARTICLE XIII PROHIBITION OF STRIKES AND LOCK-OUTS:

"13.01 There shall be no strike, interruption of work, partial or complete stoppage of or refusal to work, boycott or temporary walkout on the part of the employees or the Union and there shall be no lockout on the part of the Company during the term of this agreement."

July 20, 1970, at which time testimony was presented to the court comparable to that presented on July 13, 1970, with the exception that picketing had resumed and there were no representations offered that the picketing would be discontinued, or that the picketing would not continue in the future.

As it appears from the testimony elicited at the two hearings, Stroehmann Brothers is a Pennsylvania Corporation engaged in the manufacturing and production of baked goods, with twelve separate plants throughout the United States. The principal office of Stroehmann Brothers (hereinafter Stroehmann) is located in Williamsport, Pennsylvania, which is also the situs of two of their plants, a roll plant and a cake plant. In addition, Stroehmann operates a plant at Cumberland, Maryland.

The employees at the Cumberland, Maryland, Plant are represented by Local #246 of the Confectionery Workers International Union of America, the same International Union of defendants herein. Presently, Local #246 is engaged in an economic strike over wages.

On July 7, 1970, at 1:30 a. m., pickets representing Local #246 appeared at the Stroehmann Roll Plant in Williamsport and patroled across the main employee entrance with placards stating:

"STROEHMANN BROTHERS COMPANY ON STRIKE

BAKERS' UNION

LOCAL 246 AFL-CIO

CUMBERLAND, MARYLAND"

The patroling continued from approximately 1:30 a. m. until 10:00 a. m., at which time the pickets left after the serving of a temporary injunction as issued by the Court of Common Pleas of Lycoming County.

Approximately 25 Roll Plant employees refused to cross, or honored Local 246's picket and thereby failed to report for their scheduled work; whereas, approximately 60 employees were scheduled.

The picketing was resumed by Local 246 at the Williamsport Roll Plant subsequent to the hearing held on July 13, 1970, and the court's assumption of jurisdiction on or about July 18, 1970. Again, approximately 25 employees honored and continued to honor the picket. Production of sweet rolls and soft rolls have been cut back approximately 50% and 30%, respectively. Testimony has been offered that the Williamsport Roll Plant produces all of Stroehmann's sweet roll products for all the plants, and approximately 80% of its soft roll production.

Additional testimony was offered that Malkiewicz, the International Representative, and Lesko, the Business Agent of #427, commingled with the employees who refused to cross the picket line on July 15, 1970.

Stroehmann contends that the strike, or refusal to report for work, is in material breach of the no-strike clause (Article XIII). Furthermore, Stroehmann contends that the breach of the no-strike clause is an arbitrable grievance which the parties are contractually bound to arbitrate and which Stroehmann is willing to arbitrate as a condition for issuance of the preliminary injunction; and that an injunction is warranted under ordinary principles of equity.

Local 427 argues that plaintiff has failed to show that defendant Local 427 breached the contract; that the Norris-LaGuardia Act prohibits issuance of the preliminary injunction sought here; and that the dispute here is not over an arbitrable grievance.

The issue of whether or not a preliminary injunction may be granted in an action under § 301(a) is now controlled by The Boys' Market, Inc., v. Retail Clerk's Union, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199, 1970 (hereinafter Boys' Market) which adopted the principles set forth in the dissenting opinion of Sinclair Refining Co. v. Atkinson, 370 U. S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962) (hereinafter Sinclair).

As set forth in the dissent in Sinclair and reiterated in Boys' Market, a "Dis-

trict Court entertaining an action under § 301 may not grant injunctive relief against concerted activity unless and until it decides that the case is one in which an injunction would be appropriate despite the Norris-LaGuardia Act. When a strike is sought to be enjoined because it is over a grievance which both parties are contractually bound to arbitrate, the District Court may issue no injunctive order until it first holds that the conduct *does* have that effect; and the employer should be ordered to arbitrate, as a condition of his obtaining an injunction against the strike. Beyond this, the District Court must, of course, consider whether issuance of an injunction would be warranted under ordinary principles of equity—whether breaches are occurring and will continue, or have been threatened and will be committed; whether they have caused or will cause irreparable injury to the employer; and whether the employer will suffer more from the denial of an injunction than will the union from its issuance." (370 U.S. at 228, 82 S.Ct. at 1346) (Emphasis the Supreme Court's)

The Sinclair dissent based its rationale and emphasized that the question is not whether "the basic policy embodied in Norris-LaGuardia against the injunction of activities of labor unions has been abandoned in actions under § 301; the question is simply whether injunctions are barred against strikes over grievances which have been routed to arbitration by a contract specifically enforceable against *both* the union and the employer. * * *" (at 224–225, 82 S.Ct. at 1344) (Emphasis added)

It is undisputed that a "no strike clause" is arbitrable if the employer is bound to arbitration by the collective bargaining agreement. Drake Bakeries v. Bakery Workers, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962); H. K. Porter Co. Inc., Connors Steel Div. W. Va. Works v. Local 37 United Steel, 400 F.2d 691 (4th C.A. 1968); United Eng. & Fdry. Employees Ass'n Ind. Union v. United Eng. & Fdry. Co., 389 F.2d 479 (3d C.A. 1967). And that all doubts should be resolved in favor of arbitration. United Steel Workers of America v. Warrior, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

Although a preliminary injunction would be warranted herein under principles of equitable considerations, it is a matter for the court to determine whether or not both parties are bound to arbitrate. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed. 2d 462 (1962) and, in fact, the court must hold that both parties are contractually bound to arbitrate before issuing a preliminary injunction. Boys' Market, *supra.*

The arbitration and grievance procedure as set forth in the existing collective bargaining agreement provides:

"ARTICLE XII GRIEVANCE AND ARBITRATION PROCEDURE:

"12.01 A grievance shall be understood to be any difference in opinion or dispute between the Company and the employee regarding the interpretation or application of any provision of this agreement. Grievances not presented within fifteen (15) calendar days from the date of occurrence, the fifteen days to include the day of occurrence, will not be recognized. The procedure for handling grievances shall be as follows:

"(a) STEP 1: The aggrieved employee with or without the steward shall present the grievance directly to his production supervisor. If the matter is not satisfactorily adjusted within two working days then the Shop Steward shall immediately reduce the grievance to writing, sign it and submit it to the production manager who shall have two working days after receipt of the grievance to note his answer on the grievance form.

"(b) STEP 2: If the settlement of the grievance is not effected in Step 1, the Shop Steward of the aggrieved employee shall within two (2) working days after receipt of

the Production Manager's answer take up the grievance with the Plant Manager who will within three (3) working days thereafter render his decision.

"(c) STEP 3: If the matter is not satisfactorily settled in Step 2, a duly authorized representative of the Local and/or the International Representative shall within two (2) working days after receipt of the Plant Manager's decision, take up the grievance with the designated Company representative. The parties shall have five (5) working days within which to effect a settlement at this step.

"(d) STEP 4: If the grievance is not resolved in Step 3, then either party but not an individual employee may, within fifteen (15) calendar days, submit the dispute to arbitration under the rules of the American Arbitration Association, both parties to bear the cost of such arbitration equally and to be bound by the outcome thereof. A copy of the submission must be mailed at the same time to the opposite party. The arbitrator shall have no power to render an award in conflict with applicable law or to add to or subtract from, or modify the provisions of this agreement, and his judgement [sic] of a particular grievance may reflect only what the contract says, and may not reflect any other factors, such as the the [sic] effect upon productivity of a particular result, or its consequence to the morale of the shop or his judgement [sic] whether tensions will be heightened or diminished. Only one issue is to be arbitrated at a time unless otherwise agreed between the Company and the Union."

Plaintiff focuses his attention quite pointedly to the phrase, "any difference in opinion or dispute between the Company and the employee regarding the interpretation or application of any provision of this agreement," but the outlined procedure for grievances appears to be unquestionably employee-oriented; in fact, it appears that the company recognized that flaw and in their proposed draft of the new collective bargaining agreement added a new provision, which states:

"12.02 The Company shall have the right to process grievances. Company grievances shall also be limited to the interpretation or application of the provisions of this agreement, and shall be processed under Steps 3 and 4 of this procedure."

The court finds the collective bargaining agreement which is in effect between the parties herein is not specifically enforceable as against both the union and the employer; and that the parties are not bound to arbitrate. Therefore, a preliminary injunction must be denied. Boys' Market, *supra.*

The findings of fact and conclusions of law are limited to the issue before the court, and are incorporated herein, pursuant to Rule 52 of the Federal Rules of Civil Procedure. Leave is granted to the plaintiff, as a matter of course, to amend his complaint to further specify "such other relief" pursuant to Rule 15.

ORDER

Before the court is a motion by the plaintiff Stroehmann Brothers Company for a preliminary injunction against certain activity, as more fully set forth in the memorandum herein, and the court having considered the motion, the oral argument and briefs of the parties, and the testimony.

It is ordered that plaintiff's motion for a preliminary injunction be and the same is hereby denied; and leave is granted hereby to amend the complaint.