**956**

## ADAMS STONE CORPORATION et al., Plaintiffs,

v.

## UNITED STEEL WORKERS OF AMERI-CA, AFL–CIO and CLC, Local No. 14581, et al., Defendants.

### Civ. A. No. 1802.

United States District Court,
E. D. Kentucky,
Pikeville Division.

Dec. 11, 1973.

James B. Todd, David Adams, Pike-ville, Ky., for plaintiffs.

Herbert L. Segal, Segal, Isenberg, Sales & Stewart, Louisville, Ky., for defendants.

HERMANSDORFER, District Judge.

This action is before the Court upon a motion to dismiss filed by the defendants herein. The plaintiffs have entered no response to the aforementioned motion.

This cause was initially brought in the Letcher Circuit Court, Letcher County, Kentucky on October 9, 1973. An oral motion for a Preliminary Injunction and a written motion for a Temporary Injunction were also made. A Restraining Order, per F. Byrd Hogg, was entered that date. On October 30, 1973 the defendants filed a petition to remove this matter from the Letcher Circuit Court to the United States District Court for the Eastern District of Kentucky. Their action was proper. Boys Markets v. Clerk's Union, 398 U.S. 235, 244, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970); Avco Corp. v. Aero Lodge 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); 28 U.S.C. § 1441.

■ In the pleadings filed before this Court, the defendants seek to overturn the injunctive relief previously granted the plaintiffs in the state court and to dismiss this action for failure to state a claim upon which relief may be granted. Once an action under the Labor-Management Relation Act, 1947, 29 U.S.C. § 141 et seq., is removed to the federal courts, this Court is bound to apply federal substantive law, Avco Corp. v. Aero Lodge 735, *Id.* at 560, 88 S.Ct. 1235, as outlined in Boys Markets v. Clerk's Union, *supra*. There the Supreme Court stated:

". . . 'When a strike is sought to be enjoined because it is over a grievance which both parties are contractually bound to arbitrate, the District Court may issue no injunctive order until it first holds that the contract *does* have that effect; and the employer should be ordered to arbitrate, as a condition of his obtaining an injunction against the strike. Beyond this, the District Court must of

course, consider whether issuance of an injunction would be warranted under ordinary principles of equity—whether breaches are occurring and will continue, or have been threatened and will be committed; whether they have caused or will cause irreparable injury to the employer; and whether the employer will suffer more from the denial of an injunction than will the union from its issuance.' 370 U. S., at 228. (Emphasis in original.)". 398 U.S., at 254, 90 S.Ct. at 1594.

■ The defendants herein contend that the plaintiffs have failed to satisfy the initial condition, which, they further contend, is one that is precedent to the institution of an action seeking injunctive relief. Associated Gen. Contr. of Ill. v. Illinois Conf. of Team., 454 F.2d 1324, 1328 (7th Cir. 1972); Emery Air Freight Corporation v. Local Union 295, 449 F.2d 586, 588–589 (2nd Cir. 1971).

An examination of the pleadings filed before the state court reveals the following statement:

> "The defendants and defendants unknown to the plaintiffs, in furtherance of the unlawful acts have ceased work in violation of the collective bargaining agreement now in full force and effect; and are not complying with the grievance procedures as set out in said argument . . . ." (See: Plaintiffs' Complaint numbered paragraph (7)).

The Restraining Order issued by the state court requires the defendants to institute the grievance procedures outlined in the collective bargaining agreement. However, neither the Complaint nor the Restraining Order indicate that the plaintiffs have agreed or were ordered by the state court to arbitrate the dispute giving rise to this action. Further, there is no showing by the plaintiffs that the dispute in question is one that the parties are "contractually bound to arbitrate". Boys Markets v. Clerk's Union, *supra*, 398 U.S. at 254, 90 S.Ct. 1583. In essence, the plaintiffs have failed to provide an allegatory basis for

this Court to ascertain what is the nature of the dispute and that such a dispute is one the parties have agreed to arbitrate.

Accordingly, this action shall be, and the same hereby is, dismissed for failure to state a claim upon which relief may be granted. Associated Gen. Contr. of Ill. v. Illinois Conf. of Team., *supra*, 454 F.2d at 1328; Emery Air Freight Corporation v. Local Union 295, *supra*, 449 F.2d at 589.