**James D. MONTGOMERY**

v.

**Clifford FRANKLIN, et al.**

No. 90 C 925.

United States District Court,
N.D. Illinois, E.D.

May 30, 1990.

Robert H. Mittelman, Chicago, Ill., for plaintiff.

Lawrence J. Casazza and Kim A. Leffert, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., and Andrew A. Schneiderman, Parker, Milliken, Clark, O'Hara & Samuelian, Los Angeles, Cal., for defendants.

## ORDER

BUA, District Judge.

Plaintiff James D. Montgomery originally filed this case in state court against his former supervisor, Clifford Franklin, and his former employer, Kilsby–Roberts. But defendants removed the case to federal court, arguing that section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, provides the basis for federal jurisdiction. Montgomery now moves to remand the case to state court.

Montgomery's three-count complaint sets forth claims for slander per se (Count I), slander per quod (Count II), and intentional interference with contract (Count III). While these claims would appear, at first glance, to be entirely within the realm of state tort law, defendants contend that the claims are governed by federal labor law. According to defendants, Montgomery's claims are dependent upon an analysis of the collective bargaining agreement between the parties. "Section 301 [of the Labor Management Relations Act] governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394, 107 S.Ct. 2425, 2431, 96 L.Ed.2d 318 (1987) (quoting *International Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 859 n. 3, 107 S.Ct. 2161, 2166, 95 L.Ed.2d 791 (1987)). Thus, any state law claim based on a violation of the collective bargaining agreement is deemed to have arisen under federal law and is subject to removal. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23–24, 103 S.Ct. 2841, 2853–2854, 77 L.Ed.2d 420 (1983); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968). In light of the federal labor policy requiring that labor agreements be interpreted under a uniform body of federal law, see *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 211, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985), Montgomery may not assert a claim under state law if the cause of action depends on the meaning of the labor agreement. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06, 108 S.Ct. 1877, 1881–82, 100 L.Ed.2d 410 (1988).

As defendants point out, Montgomery's contractual interference claim is "inextricably intertwined" with the terms of the employment contract. *See Allis–Chalmers Corp.*, 471 U.S. at 213, 105 S.Ct. at 1912. To state a claim for tortious interference with contract, Montgomery must establish the following: "[1] a valid contract, [2] defendant's knowledge of the existence of the contract, [3] defendant's intentional and malicious inducement of the breach of the contract, [4] breach of the contract caused by defendant's wrongful conduct, and [5] resultant damage to the plaintiff." *George A. Fuller Co. v. Chicago College of Osteopathic Medicine*, 719 F.2d 1326, 1330 (7th Cir.1983) (quoting *Swager v. Couri*, 60 Ill.

App.3d 192, 196, 17 Ill.Dec. 457, 460, 376 N.E.2d 456, 459 (3d Dist.1978), *aff'd,* 77 Ill.2d 173, 32 Ill.Dec. 540, 395 N.E.2d 921 (1979)); *see also Exchange Nat'l Bank v. Farm Bureau Life Ins. Co.,* 108 Ill.App.3d 212, 214, 63 Ill.Dec. 884, 438 N.E.2d 1247 (3d Dist.1982). Because breach of contract is a necessary element of tortious interference with contract, see *Salaymeh v. Inter-Qual, Inc.,* 155 Ill.App.3d 1040, 1045, 108 Ill.Dec. 578, 582, 508 N.E.2d 1155, 1159 (5th Dist.1987), Montgomery's claim cannot be resolved without referring to the collective bargaining agreement. *Brown v. Keystone Consol. Indus., Inc.,* 680 F.Supp. 1212, 1221 (N.D.Ill.1988); *Beard v. Carrollton R.R.,* 893 F.2d 117, 122 (6th Cir. 1989). After all, the court must interpret the terms and conditions of the collective bargaining agreement in order to determine if they were breached. *Brown,* 680 F.Supp. at 1221. The collective bargaining agreement not only circumscribes the employer's authority to discharge an employee, but it also establishes procedures for challenging the exercise of such authority. *See* Collective Bargaining Agreement art. III, section 3; art. VII; art. VIII. Montgomery's contractual interference claim is "substantially dependent" on an examination of the collective bargaining agreement and, therefore, it falls within the parameters of the Labor Management Relations Act. *Brown,* 680 F.Supp. at 1221; *see also Johnson v. Anheuser Busch, Inc.,* 876 F.2d 620, 624 (8th Cir.1989).

Having determined that Montgomery's intentional interference with contract claim gives rise to federal question jurisdiction, the court need not decide at this time whether Montgomery's slander claims also arise under federal law. Even if the slander claims are controlled entirely by state law, the court may exercise pendent jurisdiction over them; all of Montgomery's claims stem from a common nucleus of operative fact.

Accordingly, Montgomery's motion to remand is denied.