**GAVIN NORTH SHERWOOD CHIROPRACTIC CLINIC, A.P.C., et al.**

v.

**R. Dwight BROWER, M.D., et al.**

**Civ. A. 93–412–B.**

United States District Court, M.D. Louisiana.

Oct. 12, 1993.

---

Mark Daniel Mese, Franklin & Moore, P.C., Baton Rouge, LA, for plaintiffs.

Thomas Harry Kiggans, Phelps, Dunbar, Marks, Claverie & Sims, Cathryn Simpson Long, Patrick Scott Jolly, Felix R. Weill, Watson, Blanche, Wilson & Posner, Baton Rouge, LA, for defendants.

## RULING ON PLAINTIFFS' MOTION TO REMAND

POLOZOLA, District Judge.

This matter is before the Court on the plaintiffs' motion to remand. For reasons which follow, the Court finds the plaintiffs' motion should be granted.

Defendants established a Preferred Provider Organization (PPO) as provided by Louisiana law.[1] A PPO is a contractual agreement between a health care provider and an employer. Pursuant to such an agreement, the health care provider offers services to the employer's employees at reduced rates. In turn, the employer encourages its employees, as participants of the plan, to use the preferred providers designated by the PPO.

Plaintiffs, an association of chiropractic clinics, seek to be admitted as preferred health care providers under the defendants' PPO. However, the defendants have refused to accept the plaintiffs as preferred providers under its plan. Plaintiffs originally filed this suit in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, seeking a writ of mandamus directing the defendants to list the plaintiffs as preferred providers. Plaintiffs contend that the defendants are required to accept the plaintiffs' application under La.R.S. 40:2202(5)(c) which provides:

> No licensed provider, other than a hospital, who agrees to the terms and conditions of the preferred provider contract shall be denied the right to become a preferred provider to offer health services within the limits of his license.[2]

The defendants timely removed the suit to federal court citing 28 U.S.C. § 1331 as a basis for subject matter jurisdiction. Defendants contend that section 2202(5)(c) and other Louisiana statutes are pre-empted by the Employee Retirement Income Security Act of 1974 (ERISA).[3] Plaintiffs have now filed this motion to remand.

In *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*,[4] the United States Supreme Court held that the defense of ERISA preemption, without more, does not convert a state claim into an action arising under federal law for the purposes of 28 U.S.C. § 1331.[5] However, defendants contend that *Metropolitan Life Insurance Company v. Taylor*[6] modified the holding of *Franchise Tax Board* by crafting a general exception to the well-pleaded complaint rule in ERISA cases. Defendants' contention is without merit.

Section 502(a) of ERISA, as set forth in 29 U.S.C. § 1132(a), provides a comprehensive civil enforcement scheme for ERISA actions. Under the provisions of section 502(a), a plan participant or beneficiary may sue to recover benefits due under the plan, to enforce the participant's rights under the

---

1. La.R.S. 40:2201–2205 (1992 and Supp.1993). For the purposes of this motion, the Court assumes that each defendant named in the plaintiffs' complaint is involved in the operation of the PPO.

2. La.R.S. 40:2202(5)(c) (1992).

3. 29 U.S.C. §§ 1001–1461 (1985 & Supp.1993).

4. 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

5. *Franchise Tax Bd.*, 463 U.S. at 25–28, 103 S.Ct. at 2854–56.

6. 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

plan, to seek the removal of a fiduciary, or to clarify rights to future benefits.[7] In *Metropolitan Life,* the Supreme Court held that when a state claim was preempted by ERISA and came within the scope of section 502(a), the state claim should be treated as arising under the laws of the United States for the purposes of 28 U.S.C. § 1331.

 The Supreme Court's holding in *Metropolitan Life* does not conflict with its ruling in *Franchise Tax Board.* The *Metropolitan Life* Court described the relationship between the two opinions as follows:

> In *Franchise Tax Board,* the Court held that ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law. The [C]ourt suggested, however, that a state action that was not only pre-empted by ERISA, but also came 'within the scope of § 502(a) of ERISA' might fall within the *Avco* rule. The claim in this case, unlike the state tax collection suit in *Franchise Tax Board,* is within the scope of § 502(a) and we therefore must face the question specifically reserved by *Franchise Tax Board.*[8]

Thus, the Court must determine whether the plaintiffs' cause of action falls within the purview of section 502(a) of ERISA. If so, the Court must treat the plaintiffs' state law claims as arising under the laws of the United States for the purposes of 28 U.S.C. § 1331. If section 502(a) does not apply, there is no preemption and the Court does not have subject matter jurisdiction over the state law claims.

The Court finds that the plaintiffs' claims do not fall within the scope of section 502(a) of ERISA under the facts of this case. Section 502(a) provides a mechanism for claims by participants, beneficiaries, or fiduciaries

of the plan,[9] and the Secretary of Labor.[10] Under the very clear language of section 502(a), plaintiffs are not plan participants, beneficiaries, or fiduciaries.

Thus, the Court does not have subject matter jurisdiction under the facts of this case. Plaintiffs' motion to remand must be granted and this suit is hereby remanded to state court pursuant to 28 U.S.C. § 1447(c).

Therefore:

IT IS ORDERED that the plaintiffs' motion to remand be and it is hereby GRANTED.

Judgment shall be entered remanding this case to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

---

7. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 53, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987).

8. *Metropolitan Life,* 481 U.S. at 64, 107 S.Ct. at 1547 (citations omitted). In *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), the Supreme Court established an exception to the well-pleaded complaint rule. This exception, known as the *Avco* rule, provides that Congress may so completely pre-empt a particular area

that any civil complaint raising this select group of claims is necessarily federal in character. See also *Rodriguez v. Pacificare of Texas, Inc.,* 980 F.2d 1014, 1017 (5th Cir.1993); *Bruneau v. F.D.I.C.,* 981 F.2d 175, 179 (5th Cir.1992).

9. See 29 U.S.C. §§ 1002(7), (8), (21)(A) (Supp. 1993).

10. See 29 U.S.C. § 1002(13) (Supp.1993).