**Diann K. BIRDSELL, widow and Next of Kin to James Birdsell, deceased, and Diann K. Birdsell, Individually and as representative of the Estate of James Birdsell, Plaintiff,**

v.

**PHILLIPS PETROLEUM COMPANY, a corporation, Defendant.**

No. CIV–94–2038–A.

United States District Court,
W.D. Oklahoma.

Feb. 7, 1995.

E.W. Keller, Keller Fernald & Keller, Oklahoma City, OK, for Diann K. Birdsell.

Leonard Court, Peggy L. Clay, Crowe & Dunlevy, Oklahoma City, OK, for Phillips Petroleum Co.

### ORDER

ALLEY, District Judge.

Before the Court are plaintiff's Objection to Removal, filed December 29, 1994, and defendant's responses filed January 18, 1995 and February 6, 1995. For the reasons stated below, the Court will retain the case.

This case was filed in state court on November 1, 1994. The petition alleges that on March 19, 1990, in order to induce "plaintiff" (presumably, James Birdsell) to accept a job transfer, defendant agreed to provide a $250,000 accidental death benefit, that Mr. Birdsell died on May 10, 1991, and that defendant has wrongly refused to pay Mrs. Birdsell the money. Defendant timely removed the case to federal court on December 8, 1994, on the basis of federal question jurisdiction. Defendant asserted that plaintiff's claim arises under a labor agreement and is governed by the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA), and the National Labor Relations Act, 29 U.S.C. §§ 151 et seq. (NLRA).

Plaintiff denies that these statutes apply. She says her suit is brought under state law to recover money due her as a third party beneficiary of a contract. In response, defendant explains that the contract made on March 19, 1990 was between Phillips Petroleum Company and the Oil, Chemical, and Atomic Workers International Union, Local 4–235, and not Mr. Birdsell individually.

Section 301(a) of the LMRA creates federal jurisdiction of suits for violation of contracts between an employer and a labor union. See 29 U.S.C. § 185(a). This subject matter jurisdiction is not limited to collective bargaining agreements but includes other contracts made by an employer and an employees' union. See Retail Clerks Int'l Ass'n, Local Unions Nos. 128 & 633 v. Lion Dry Goods, Inc., 369 U.S. 17, 28, 82 S.Ct. 541, 547, 7 L.Ed.2d 503 (1962); Angst v. Mack Trucks, Inc., 969 F.2d 1530, 1535–36 (3d Cir. 1992). It is beyond question that any claim for breach of a labor contract must be brought under section 301, and any state law claims arising from the contractual breach are preempted. See Allis–Chalmers Corp. v. Lueck, 471 U.S. 202, 210–11, 105 S.Ct. 1904, 1910–11, 85 L.Ed.2d 206 (1985); Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 376 F.2d 337, 339–340 (6th Cir. 1967), aff'd, 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968). Thus, the only substantial issue raised by Mrs. Birdsell's objection is whether claims of a person who is not a party to the contract, or represented

by a party, fall within the reach of section 301. There can be little doubt that they do.

In *Rehmar v. Smith,* 555 F.2d 1362 (9th Cir.1976), a woman claiming to have been a deceased employee's common law wife sued pension fund trustees to recover a survivor's benefit allegedly due under a collectively-bargained pension plan. Although the case involved neither an employer nor a union, the court of appeals held that section 301 created federal jurisdiction of the suit:

> Section 301 is not dependent upon the parties to the suit but rather the nature or subject matter of the action. Jurisdiction exists as long as the suit is for violation of a contract between a union and employer even if neither party is a union or an employer. The pension benefit eligibility rules, which [plaintiff] alleges were violated, qualify as a contract between a labor organization and an employer.

*Id.* at 1366 (citations omitted).

Similarly, in *Hazen v. Western Union Tel. Co.,* 518 F.2d 766 (6th Cir.1975), a widow of a deceased employee brought suit individually and as personal representative of her husband's estate to recover benefits allegedly due from his employer under a collective bargaining agreement. The district court entered summary judgment against her because she had failed to exhaust contractual remedies as required by federal labor law. Reversing, the court of appeals held that the plaintiff had a federal remedy under section 301 but that the exhaustion rule did not apply to her claim as a third party beneficiary of the labor contract. *Id.* at 769–70.

In a more recent case, a district court held that section 301 governed a suit by numerous plaintiffs, including retired employees and widows of retired employees, against an employer who terminated their health and life insurance benefits. *International Union of Auto. Workers v. Park–Ohio Indus., Inc.,* 661 F.Supp. 1281, 1284 (N.D.Ohio 1987), *aff'd in part and rev'd in part,* 876 F.2d 894 (6th Cir.1989). The district court granted summary judgment to the plaintiffs on their section 301 claim but determined that their state law claims were preempted. *Id.* In a later decision, the court denied the plaintiffs' quest to establish a special trust fund and recover

emotional distress damages, ruling that such relief was not available. *International Union of Auto. Workers v. Park–Ohio Indus.,* 687 F.Supp. 338, 341, 343 (N.D.Ohio 1987), *aff'd in part and rev'd in part,* 876 F.2d 894 (6th Cir.1989). The court of appeals affirmed that section 301 applied and precluded emotional distress damages, but found issues of fact precluded summary judgment on whether the contract had been breached. 1989 WL 63871 at *3.

Here, even under Mrs. Birdsell's view of her case (a suit by a third party beneficiary of a labor contract), section 301 governs and confers jurisdiction on this Court. Accordingly, the case was properly removed, and plaintiff's Objection to Removal is OVERRULED.

It is so ordered.