**CITY OF HAYS, KANSAS, Plaintiff,**

v.

**BIG CREEK IMPROVEMENT DISTRICT and Prairie Acres Improvement District, Defendants.**

No.  98–1068–JTM.

United States District Court,
D. Kansas.

June 1, 1998.

David M. Traster, Foulston & Siefkin, L.L.P., Wichita, KS, John T. Bird, Glassman, Bird & Braun, Hays, KS, for Plaintiff.

Randall K. Rathbun, Charles C. Steincamp, Depew and Gillen, L.L.C., Wichita, KS, for Defendants.

## MEMORANDUM ORDER

MARTEN, District Judge.

This is an action by the City of Hays, Kansas, to enforce contracts for the provision of sewer services. The defendants, Big Creek Improvement District and Prairie Acres Improvement District have removed the action to this court, contending the contracts are illegal under a portion of the Clean Water Act, 33 U.S.C. § 1284. The city has now moved to remand the case on the grounds that its action was entirely a state-law claim.

■ Ordinarily, of course, a defendant's assertion of a federal law defense, including preemption of the plaintiff's state law claim, is not a proper basis for removal. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). This is true if all the parties agree that the validity of the preemption defense is the only issue in the case. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). An exception exists in cases touching on matters where Congress has "completely preempted" state law.

■ When a state action involves a matter that had been completely preempted by federal legislation, removal is appropriate. "[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23–24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

The Tenth Circuit addressed the principle of "complete preemption" in *Schmeling v. NORDAM,* 97 F.3d 1336, 1339 (10th Cir. 1996), the court noting that

Unfortunately, the scope of the doctrine is not entirely clear; "[t]he evolution of the doctrine ... has been one of fits-and-starts and zig-zags [and] has, not surprisingly, occasioned both confusion and disagreement among the federal circuit and district courts." *Burke v. Northwest Airlines, Inc.,* 819 F.Supp. 1352, 1356 (E.D.Mich. 1993). By no means does every federal preemption defense invoke the doctrine; our task is to determine whether NORDAM's reliance on the doctrine in this case was appropriate.

The court then discussed instances in which the principle of complete preemption had been found to exist, beginning with the paradigmatic case of *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), which involved a state law claim for breach of a no-strike provision

in a collective bargaining agreement. In *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the Supreme Court extended the principle of complete preemption to allow the removal of state actions within the scope of section 502(a) of ERISA.

■ In *Schmeling*, the Tenth Circuit concluded from its review of the relevant case law that the term "complete preemption" should be understood "as a term of art. We read the term not as a crude measure of the breadth of the preemption (in the ordinary sense) of a state law by a federal law, but rather as a description of the specific situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal." 97 F.3d at 1342. Complete preemption therefore is dependent on a two-part test: "first, whether [federal] regulations preempt the state laws relied on by [the plaintiff]; and second, whether Congress intended to allow removal in such cases, as manifested by the provision of a federal cause of action to enforce the ... regulations." *Id.*, at 1343.

■ In their response to the motion to remand, the water districts argue that "[e]ven a brief review of 33 U.S.C. § 1284 and 40 C.F.R. § 35.2140 demonstrates that federal law is extremely comprehensive and leaves no room for any state involvement in this area." (Br. at 3). 40 C.F.R. § 35.2140(h) provides:

> Inconsistent agreements. The user charge system shall take precedence over any terms or conditions of agreements or contracts which are inconsistent with the requirements of section 204(b)(1)(A) of the Act and this section.

33 U.S.C. § 1284 does provide extensive standards for local governments seeking grants for water treatment works. However, as the Supreme Court stressed in *Metropolitan Life,*

> the touchstone of the federal district court's removal jurisdiction is not the "obviousness" of the pre-emption defense but the intent of Congress. Indeed, as we

have noted, even an "obvious" pre-emption defense does not, in most cases, create removal jurisdiction. In this case, however, Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court.

481 U.S. at 66, 107 S.Ct. at 1548.

The court finds that remand is required. Although the provisions cited by Big Creek are indeed extensive, the court finds none of the language cited from the statute expresses any intent on the part of Congress to preempt the ability of local entities to enforce state law. Moreover, while, as defendants note, 33 U.S.C. § 1365(a)(2) provides for citizen suits against the EPA Administrator for failing to enforce the Act, the Act is devoid of any suggestion that other actions are removable to federal court or that federal jurisdiction is intended to be exclusive.

IT IS ACCORDINGLY ORDERED this 1st day of June, 1998 that the plaintiff's Motion to Remand is hereby granted.