**Judie NAGEL, Jo Anne Bergman, Charlotte Sherman and Tammie Carlson, Plaintiffs,**

v.

**CHUKERMAN PACKAGING, LTD., an Illinois corporation, and Neal Chukerman, an individual, Defendants.**

**No. 98 C 1163.**

United States District Court, N.D. Illinois, Eastern Division.

Aug. 19, 1998.

---

Lee Thomas Polk, Tracey Lynne Truesdale, Murphy, Smith & Polk, Chicago, IL, for Plaintiffs.

Irving M. Geslewitz, Karen Kay Litscher, Much Shelist Freed Denenberg Ament Bell & Rubenstein, P.C., Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiffs brought suit in the Circuit Court of Cook County alleging that the defendants violated the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.* They claim that the defendants improperly deducted medical expenses from their wages without written authorization. The defendants removed the action to this court claiming that the plaintiffs' state law claims are preempted by the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* The plaintiffs move to remand the case to state court and the defendants move to dismiss the case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the plaintiffs' motion to remand is granted and the defendants' motion to dismiss is denied as moot since this court no longer has jurisdiction over the case.

### Background

The plaintiffs are all employees or former employees of Chukerman Packaging, Ltd. ("Chukerman Packaging"). They allege that Chukerman Packaging maintained a group health insurance program and offered an additional medical expense reimbursement plan ("MERP"). According to the complaint, under the terms of the MERP, Chukerman Packaging committed to reimbursing its employees for medical expenses they incurred, including but not limited to amounts paid for hospital bills, doctor and dental bills, and drugs that were not otherwise covered by the group health insurance plan, the employee's

own private health insurance, or any other health and accident or wage continuation plan. The plaintiffs state that they were eligible for coverage under the group health insurance plan and the MERP and submitted claims for medical expense reimbursement under the MERP. They allege that Chukerman Packaging initially reimbursed them for their medical expenses but then later deducted certain reimbursed amounts from their wages. The plaintiffs claim they did not authorize Chukerman Packaging to make the deductions and seek to recover the deducted amounts.

## Remand

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States...." In this case, removal is proper if there is a federal question, *i.e.*, if the case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Otherwise, the case should be remanded.

The plaintiff's well-pleaded complaint ordinarily determines whether there is a federal question. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Presenting a federal question as a defense to the plaintiff's complaint is insufficient to establish jurisdiction for removal to federal court. *Id.*

The Supreme Court, however, created the doctrine of complete preemption as an exception to the well-pleaded complaint rule in the context of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 559–61, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). This doctrine was applied to ERISA in *Taylor*. 481 U.S. at 64–66, 107 S.Ct. 1542. A plaintiff's common

law claims are completely preempted under ERISA if they fall within the scope of § 502(a)(1)(B).[1] *Id.* Once preempted, the plaintiff's state law claim is "properly 'recharacterized' as one arising under federal law," thus creating federal question jurisdiction for removal purposes. *Rice v. Panchal*, 65 F.3d 637, 640 (7th Cir.1995) (citing *Taylor*, 481 U.S. at 64, 107 S.Ct. 1542). Thus, the key question is whether the plaintiff's claim is within the scope of § 502(a), and thus completely preempted. *Id.* 65 F.3d at 641.

To determine whether a claim is completely preempted under § 502(a) the court must examine three factors: (1) whether the plaintiff is eligible to bring a claim under § 502(a); (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce through § 502(a); and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir.1996). The first two factors as applied to this case point to finding complete preemption. First, as participants in the MERP, the plaintiffs can bring a claim under § 502(a). Second, the plaintiffs' claims against the defendants are in effect claims for the nonpayment of benefits. The plaintiffs were initially paid benefits and then those benefits were deducted from their wages.

As for the third factor, the defendants contend that the plaintiffs are essentially contesting the improper administration of the MERP and therefore, the court must construe the ERISA plan to determine whether it was administered properly. I disagree. The plaintiffs did not allege improper administration of an ERISA plan but claim that the defendants deducted their medical expenses from their wages without their permission. Under the IWCPA, employer deductions from wages are prohibited without the plaintiffs' authorization and there is no reason to

---

1. Section 502(a)(1)(B) states that: "A civil action may be brought ... by a participant or beneficiary ... to recover benefits ..., to enforce his

rights under the terms of the plan, or to clarify his rights to future benefits...." 29 U.S.C. § 1132(a)(1)(B).

exclude ERISA plans from this provision.[2] *See* 820 ILCS 115/9 ("Except as hereinafter provided, deductions by employers from wages or final compensation are prohibited unless such deductions are . . . (4) made with the written consent of the employee, given freely at the time the deduction is made. . . ."). The key question then is whether the plaintiffs authorized deductions from their wages for medical expenses. To determine authorization, the court does not need to interpret the ERISA plan. The court needs to find some evidence that the plaintiffs agreed to the wage deductions.

In summary, since this case can be resolved without interpreting the MERP, the plaintiffs' IWCPA claims are not completely preempted under ERISA and the case is remanded to state court.[3] Given the complexity of and the uncertainty as to the application of the complete preemption doctrine in this case, I do not award the plaintiffs any attorneys' fees or costs.

### Conclusion

For the foregoing reasons, the plaintiffs' motion to remand the case is granted without fees or costs. The defendants' motion to dismiss is denied as moot.

---

2. The defendants contend that I should take judicial notice of the fact that most employee benefit plans involve contributions by employees through some form of wage deduction. This is not a proper fact for judicial notice. Furthermore, even if wage deductions are used by ERISA plans, it does not mean that an ERISA plan can automatically deduct wages without some form of consent by the employee.

3. The defendants' reliance on *Arnold v. Babcock & Wilcox Co.*, 123 Ill.2d 67, 525 N.E.2d 59, 62, 121 Ill.Dec. 253, 256 (1988) to support complete preemption is misplaced. *Arnold* did not discuss complete preemption nor were the facts of that case similar to this one nor was the same provision of the IWCPA at issue.