# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3578
_____

Lott Johnson

*Plaintiff - Appellant*

v.

Cheryl Humphreys

*Defendant*

UPS Ground Freight, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: November 14, 2019
Filed: February 4, 2020

_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Lott Johnson sued UPS Ground Freight, Inc. alleging that UPS fired him because of his race in violation of the Arkansas Civil Rights Act of 1993. The district

court[1] held that Johnson's suit invoked federal question jurisdiction under § 301 of the Labor Management Relations Act (LMRA) and granted judgment to UPS because the discrimination claim was untimely. Johnson does not argue that his claim was timely under the LMRA, so this case turns on whether the action belonged in federal court. We agree with the district court that complete preemption under the LMRA supplies federal question jurisdiction and affirm.

## I.

Johnson is an African-American man who worked as a driver for UPS. UPS and Johnson's bargaining unit agreed to an expansive collective bargaining agreement (CBA). The CBA prohibits UPS from holding employees responsible for damage to merchandise unless the employee violates established rules and practices. Employees can be disciplined or held liable for such damage, but not both. UPS generally cannot fire an employee for a first offense unless it is an "offense of extreme seriousness." The CBA also prohibits UPS from unlawfully discriminating against employees on the basis of race.

UPS terminated Johnson's employment following an incident where he conducted a "free fall" delivery to a UPS retail store. In other words, he dropped merchandise pallets from the back of his trailer directly onto the ground. When an employee at the store reported that the merchandise had been damaged, Johnson claimed that the employee authorized the "free fall" delivery and that she falsely reported otherwise to UPS. After an investigation, UPS determined that the incident was an offense of "extreme seriousness" and fired Johnson.

Johnson brought a race discrimination and retaliation suit under § 107 of the Arkansas Civil Rights Act in Pulaski County Circuit Court. Johnson alleged that "at

[1] The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

all times, [he] acted in accordance with [the employee's] instruction and company policy." Am. Compl. ¶ 7. Johnson further claimed that UPS "used this [incident] as an excuse to terminate [him] because he was black and had opposed racial discrimination." *Id.* at ¶ 10. As evidence of UPS's discriminatory intent, he pointed to a white UPS driver who had lied and caused a UPS store to be billed fraudulently but was not investigated or fired.

UPS removed the case to the district court on the bases of federal question jurisdiction via the LMRA and diversity jurisdiction.[2] Johnson moved to remand the suit to state court claiming that his state law action did not invoke federal question jurisdiction. UPS opposed and filed a motion for judgment on the pleadings explaining that Johnson's suit was untimely.

Relying on *Boldt v. Northern States Power Company*, 904 F.3d 586 (8th Cir. 2018), the district court denied Johnson's motion to remand to state court holding that the state law claims against UPS substantially depended on analysis and interpretation of the CBA and were therefore completely preempted under § 301 of the LMRA. Then, because the suit was filed outside the LMRA's six-month statute of limitations, the court granted judgment to UPS.

Johnson timely appealed, and we have jurisdiction under 28 U.S.C. § 1291. We review a denial of a motion to remand *de novo*. *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006).

---

[2] Johnson amended his complaint to add a defamation claim against a non-diverse party, but the district court remanded the action after the civil rights claims against UPS failed.

## II.

Federal courts have limited jurisdiction to hear claims arising under state law. 28 U.S.C. §§ 1332, 1367. In the absence of diversity or supplemental jurisdiction, a state law claim may be removed when Congress expressly provides or "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Although complete preemption is rare, it exists under § 301 of the LMRA. *Boldt*, 904 F.3d at 590; *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560 (1968).

"The LMRA completely preempts only claims founded directly on rights created by collective-bargaining agreements and claims substantially dependent on analysis of a collective-bargaining agreement." *Boldt*, 904 F.3d at 590. A claim is substantially dependent on the CBA if it requires the interpretation of some specific provision of a CBA. *Id.* To determine if a claim requires interpreting the CBA, we begin with what a plaintiff must prove. *Id.*

Johnson only presses his race discrimination claim.[3] The Arkansas Civil Rights Act provides that "an otherwise qualified person" may vindicate his or her right to be free from race discrimination in employment contexts. Ark. Code Ann. § 16-123-107. At oral argument Johnson agreed that this was not a direct discrimination case and that the burden shifting framework established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), applies. *Clegg v. Arkansas Dep't of Correction*, 496 F.3d 922, 926 (8th Cir. 2007). Under that three-step framework, the plaintiff must establish a *prima facie* case, the defendant must then articulate a legitimate, nondiscriminatory reason for discharging the employee, and to succeed, the employee must show that the employer's proffered reason for firing him is a pretext for unlawful discrimination. *McCullough v. Univ. of Arkansas for Med. Scis.*,

---

[3] Johnson "dismissed his retaliation claim" in his reply brief and confirmed at oral argument that he abandoned the claim. Reply Br. 1.

-4-

559 F.3d 855, 860 (8th Cir. 2009).  Critically, among the elements needed to prove a *prima facie* case, Johnson must show that he "was meeting the legitimate expectations of the employer."  *Clegg*, 496 F.3d at 926 (cleaned up).

Johnson argues that this claim only involves purely factual questions and that no CBA interpretation is required from the face of the complaint and his *prima facie* case.  He claims he can prevail by showing the retaliatory intent of his employer citing *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399 (1988), and *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994).  But those cases involve retaliation claims, and Johnson jettisoned his retaliation claim on appeal.  Unlike race discrimination claims, retaliation claims do not require a plaintiff to show he "was meeting the legitimate expectations of the employer."  *Clegg*, 496 F.3d at 926.  Johnson has cited no authority showing that a *prima facie* case for an indirect race discrimination claim can be made without interpreting the relevant CBA.

Our decision in *Boldt* controls this case.  We held that, under the *McDonnell Douglas* framework, Boldt could not "establish that he was qualified to work at the [company] without addressing whether he was fit for duty," a policy incorporated into the governing CBA.  904 F.3d at 592.  Johnson's *prima facie* case also requires showing that he was following established rules and practices under the CBA.  He admits as much by pleading that he "acted in accordance with [the employee's] instruction and company policy."  Am. Compl. ¶ 7.  The district court recognized that this required, among other things, "analysis of whether the CBA or its incorporated policies allow drivers to 'free fall' deliveries under the circumstances alleged in the complaint."  D. Ct. Dkt. 26 at 4.  Additionally, the court explained that whether Johnson's offense was one of "extreme seriousness," a term unique to the CBA, is inextricably bound up in the *prima facie* case.  *Id.* at 4–5.  We agree this claim depends on interpreting these CBA provisions, and thus it is completely preempted.

Because Johnson's action is subject to complete preemption, we do not reach alternative arguments for affirmance. The decision of the district court is affirmed.

_____