**Carole C. HOWARD, Plaintiff,**

v.

**NATIONAL EDUCATION ASSOCIATION OF NEW YORK and Hartford Life Insurance Company, Defendants.**

**No. 94–CV–0214.**

United States District Court,
N.D. New York.

April 2, 1994.

Dennis B. Schlenker, Albany, NY, for plaintiff (Dennis B. Schlenker, of counsel).

Aswad & Ingraham, Binghamton, NY, for defendant Nat. Educ. Ass'n of N.Y. (William M. Thomas, of counsel).

Coughlin & Gerhart, Binghamton, NY, for defendant Hartford Life Ins. Co. (Frank W. Miller, of counsel).

## MEMORANDUM DECISION AND ORDER

McAVOY, Chief Judge.

Pursuant to 28 U.S.C. § 1447(c), Carole C. Howard ("plaintiff") has brought before this court a motion to remand the case at bar to the Supreme Court, State of New York, County of Broome. For the reasons to follow, plaintiff's motion is denied in its entirety.

## I. BACKGROUND

Richard C. Howard, plaintiff's deceased husband, was an employee of the defendant, National Education Association of New York ("NEANY"). He was also a member of a collective bargaining unit represented by the Staff Organization of New York Educators ("SONYE"), the recognized collective bargaining representative of such unit. Pursuant to a collective bargaining agreement between NEANY and SONYE, NEANY provided Mr. Howard with life insurance, accidental death and dismemberment insurance, together with common carrier coverage at no cost. Plaintiff is the beneficiary of a certain group insurance policy issued by defendant Hartford Life Insurance Company ("Hartford") upon the life of Mr. Howard.

On or about September 23, 1990, Mr. Howard died suddenly as the result of a stress induced heart attack. In a litigated workers' compensation proceeding, it was determined that the heart attack occurred in the course of employment. Thus, plaintiff has alleged that she is entitled to be paid the accidental death and dismemberment insurance benefit equivalent to three times Mr. Howard's basic annual earnings. Plaintiff filed her claim for such benefit with Hartford, but Hartford denied payment on the claim.[1]

On or about January 20, 1994, plaintiff commenced legal action in the New York State Supreme Court, Broome County, against the two defendants seeking payment of accidental death benefits for which plaintiff claims Hartford is liable.

About one month after plaintiff commenced her suit, defendants filed a Notice of Removal with the accompanying Petition with this court. The defendants contend that plaintiff's action seeks benefits pursuant to an insurance policy which is part of an "employee benefit plan" and thus, is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Accordingly, defendants assert that removal of the instant case to federal court was proper since this area of the law was completely preempted by federal law.

---

1. Hartford, however, paid $192,000.00 to plaintiff for a death benefit under the policy.

## II. DISCUSSION

Congress has declared that the purpose of ERISA is to

> protect ... participants in employee benefits plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing the standard of conduct, responsibility, and obligation of fiduciaries of employee benefit plans, and by providing the appropriate remedies, sanctions, and ready access to the Federal courts.

29 U.S.C. § 1001(b). ERISA comprehensively regulates, among other things, employee welfare benefit plans that, "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 44, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987) (quoting 29 U.S.C. § 1002(1)).

Within the ERISA statute, Congress has set out three provisions addressing the preemptive effect of the statute on state causes of action which may arise from the same set of facts as an ERISA claim. *See* 29 U.S.C. §§ 1144(a), 1144(b)(2)(A) & 1144(b)(2)(B). Of the three provisions, only one—29 U.S.C. § 1144(a)—is relevant to the case at bar. Section 1144(a) states, in pertinent part, that

> [e]xcept as provided in subsection (b) of this section, the provision of this subchapter and subchapter III of this chapter shall supersede any and all State laws in so far as they may now or hereafter *relate to* any employee benefit plan....

29 U.S.C. § 1144(a) (emphasis added). Simply put, if a state law "relate[s] to ... [an] employee benefit plan," the state law is preempted by federal law. Courts have stated that the express preemption provisions of ERISA are deliberately expansive designed to "establish pension plan regulation as exclusively a federal concern." *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 1896, 68 L.Ed.2d 402 (1981); *see Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 740, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–100,

103 S.Ct. 2890, 2899–2901, 77 L.Ed.2d 490 (1983).

The term "relate to" in the preemption clause has been defined broadly by the courts; "[t]he phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or has reference to such a plan.'" *Metropolitan Life Ins. Co.,* 471 U.S. at 739, 105 S.Ct. at 2389 (quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. at 97, 103 S.Ct. at 2900).

In the case at bar, plaintiff's claims for death benefits unequivocally "relate to" an employee benefit plan. An "employee benefit plan" is defined as

> any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, *accident, disability, death* or unemployment, or vacation benefits....

29 U.S.C. § 1002(1) (emphasis added). Since plaintiff is seeking to collect as a beneficiary under a death benefit policy, it clearly relates to an employee benefit plan as defined in 29 U.S.C. § 1002(1), and thus, plaintiff's claim is preempted by ERISA pursuant to 29 U.S.C. § 1144(a).

The determination that plaintiff's claim is preempted by ERISA does not end our inquiry, however. This is because plaintiff has alleged that her complaint purported to raise only state law causes of action and not federal causes of action. Plaintiff makes this argument because federal preemption is ordinarily a defense to a plaintiff's suit, and "[a]s a defense, it does not appear on the face of a well pleaded complaint, and, therefore, does not authorize removal to a federal court." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citing to *Gully v. First*

*National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). Plaintiff argues that, according to *Taylor,* although a claim may be preempted by ERISA, this without more, does not convert a state claim into an action arising under federal law. *Id.* 481 U.S. at 64, 107 S.Ct. at 1547. This is a misreading of the *Taylor* case.

"One corollary of the well pleaded complaint rule developed in the case law ... is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63–64, 107 S.Ct. at 1546. An example of claims singled out for such special treatment is section 301 of the Labor Management Relations Act ("LMRA"). *Avco Corp. v. Aero Lodge No. 735, Int'l Assoc. of Machinists and Aerospace Workers,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). It has been said that

"[t]he necessary ground of decision [in *Avco* ] was that the preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301."

*Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983). Thus, the question presented to this court is whether plaintiff's instant claim falls within the *Avco* rule.

The Supreme Court in *Taylor* was faced with this exact question. The *Taylor* court determined that a "state action that was not only preempted by ERISA, but also came 'within the scope of [29 U.S.C. § 1132(a) ] of ERISA' might fall within the *Avco* rule." *Id.* After examining the congressional history of ERISA, the court determined that suits brought under 29 U.S.C. § 1132(a) of ERISA

by a participant or beneficiary were to be treated in the same manner as suits brought under section 301 of the LMRA. Hence, if plaintiff's claim falls within 29 U.S.C. § 1132(a), then removal of the present case to the federal courts would be appropriate.

Section 1132(a) states, in relevant part:

A civil action may be brought—

(1) by a participant or beneficiary—

     ·     ·     ·     ·     ·

    (B) to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan;

     ·     ·     ·     ·     ·

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

    · · · ·

29 U.S.C. § 1132(a). In the instant case, plaintiff's claim arises out of an alleged failure on defendants' part to pay double indemnity benefits due to her under an existing employee benefit plan. Since plaintiff is seeking to collect under the plan as a beneficiary, her claim falls squarely within 29 U.S.C. § 1132(a). Thus, federal courts have jurisdiction to hear the instant case, and the matter was appropriately removed to this court.[2]

The plaintiff has heavily relied on the "well-pleaded complaint" rule in an attempt to circumvent the preemption issue of ERISA. This attempt fails, however, because, as stated earlier, the well-pleaded complaint rule does not apply when Congress "so completely pre-empt[s] a particular area

---

**2.** The removal of federal question cases from state courts to federal courts is governed by 28 U.S.C. § 1441(a). Section 1441(a) states, in pertinent part,

    any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district

courts of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Since this is an ERISA claim, the district courts do indeed have original jurisdiction over the case. Therefore, it was appropriate for defendants to remove the case from a state court to a federal court.

that any civil complaint" filed in such area is necessarily federal in character. *Taylor,* 481 U.S. at 63–64, 107 S.Ct. at 1546. Since this court has already determined that plaintiff's claim has been "completely pre-empted" within the meaning of *Taylor, supra,* the well-pleaded complaint rule would not apply.

## III. CONCLUSION

For the stated reasons, plaintiff's motion to remand the instant case to state court pursuant to 28 U.S.C. § 1447(c) is denied.

**IT IS SO ORDERED.**