**William B. BUSH, Plaintiff,**

v.

**CLARK CONSTRUCTION & CONCRETE CORP., et al., Defendants.**

**No. CIV.A. 02–2140PLF.**

United States District Court, District of Columbia.

June 5, 2003.

---

4. An appropriate Order accompanies this Memorandum Opinion.

William B. Bush, Oxon Hill, MD, pro se.

Christopoher A. Weals, Seyfarth & Shaw, Washington, DC, for defendants.

## MEMORANDUM OPINION

PAUL L. FRIEDMAN, District Judge.

Plaintiff, acting *pro se*, filed this suit against defendants the Clark Construction Group, Inc. ("Clark") and Michael Hamm, alleging that Clark failed to pay him wages owed under the terms of a collective bargaining agreement ("CBA") between Clark and the Laborers' District Council for Washington, D.C. and Vicinity (the "Union"). *See* Defendants' Memorandum of Law in Support of Its Motion to Dismiss ("Def.Mem."), Ex. 1, Statement of Claim ("Complaint"). Defendants move to dismiss on the ground that plaintiff's claim is preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and thus fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Defendant's Motion to Dismiss at 1 ("Def.Mot."). Alternatively, defendants move to dismiss on the grounds that plaintiff failed to exhaust his administrative remedies and failed to file this action within the statutorily required time period. *See id.* at 2.

Upon consideration of the parties' arguments and the entire record, the Court will grant defendants' motion to dismiss on the ground that plaintiff failed to exhaust his administrative remedies.

## I. BACKGROUND

Plaintiff William B. Bush is a former Clark employee who worked as a laborer on the National Museum of the American Indian project in Washington, D.C. *See* Def. Mem. at 2. Clark terminated Mr. Bush's employment on February 20, 2002.

*See id.* While employed by Clark, the terms and conditions of Mr. Bush's employment were governed by the CBA between Clark and the Union. *See* Def. Mem. at 2; *see also* Notice of Removal ("Not.Rem."), Ex. B, Wage Agreement.

On October 3, 2002, Mr. Bush filed suit in the Superior Court of the District of Columbia, Civil Division, Small Claims and Conciliation Branch, alleging that he was owed wages under the terms of his contract. *See* Complaint. In his complaint, Mr. Bush interpreted the CBA to read that "if an employee is fired, he shall receive all of his money at that time or he shall be compensated for waiting for his pay the hourly wage [sic]." *Id.* The specific provision of the CBA upon which Mr. Bush appears to be relying states that an employee who is discharged "shall be paid immediately." *See* Wage Agreement, Art. XII. The CBA further states that an employee who does not "receive all monies due him within one half (1/2) hour of the designated time of discharge" shall be compensated for the time he has to wait "at the prescribed basis rate." *Id.* Mr. Bush alleges that he is owed $5,000 in damages based on Clark's failure to immediately pay all wages due at the time of his discharge. *See* Complaint. On October 31, 2002, defendants removed the case to this Court pursuant to 28 U.S.C. § 1441(b).

## II. DISCUSSION

### A. *Removal*

■ A civil action filed in state court may be removed to federal court if the claim arises under federal law. *See Beneficial National Bank v. Anderson,* —— U.S. ——, ——, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003) (citing 28 U.S.C. § 1441(b)). To determine whether a claim arises under federal law, the Court must "examine the 'well pleaded' allegations of the complaint and ignore potential defenses." *Id.* (citing *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908)). Under the "well-pleaded complaint rule," federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The plaintiff is master of the claim and may rely exclusively on state law to avoid federal question jurisdiction. *See id.* If the plaintiff's claim does not rest on a federal question, a defendant generally may not remove a case to federal court based on a federal defense, even if the defense is preemption. *See Beneficial Nat'l Bank v. Anderson,* —— U.S. ——, ——, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1; *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

■ A corollary to the well-pleaded complaint rule, however, provides for removal based on complete federal preemption. Under this principle, the preemptive force of a statute can be so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). "When the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial National Bank v. Anderson,* —— U.S. ——, ——, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1. Under the complete preemption corollary, the Court properly exercises jurisdiction over plaintiff's claim.

■ Section 301 of the LMRA not only preempts state law but also authorizes removal of claims that purported to seek relief only under state law. *See Beneficial National Bank v. Anderson*, —— U.S. ——, ——, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1, (citing *Avco Corp. v. Aero Lodge No. 735, Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)); *see also Caterpillar, Inc. v. Williams*, 482 U.S. at 392, 107 S.Ct. 2425 (explaining that the complete preemption corollary "is applied primarily in cases raising claims pre-empted by § 301 of the LMRA"); *Black v. National Football League Players Ass'n*, 87 F.Supp.2d. 1, 6 (D.D.C.2000) ("State law based claims that depend upon construction and application of terms in a collective bargaining agreement are preempted.").

### B. *Preemption by Section 301 of the LMRA*

■ Section 301 of the LMRA not only gives federal courts jurisdiction over claims involving labor contract disputes but also requires courts to apply federal substantive law to such disputes. *See Textile Workers of America v. Lincoln Mills*, 353 U.S. 448, 456, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); *Avco Corp. v. Machinists*, 390 U.S. at 560, 88 S.Ct. 1235. The Supreme Court in *Lincoln Mills* "understood § 301 as a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 209, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) (citing *Textile Workers of America v. Lincoln Mills*, 353 U.S. at 456, 77 S.Ct. 912). In order to prevent the possibility of the terms in a CBA being given different meanings under state law and federal law, the Supreme Court concluded that "in enacting § 301 Congress intended doctrines of federal labor law to uniformly prevail over inconsistent state rules." *International Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 857, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987) (quoting *International Bhd. of Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 104, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962)).

■ In this case, Section 301 preempts plaintiff's claim for recovery of wages under the CBA since the claim is substantially dependent on terms of the CBA and the Court must construe the CBA to resolve the plaintiff's claim. Article XII of the CBA governs both the timing of plaintiff's final paycheck and his entitlement to additional payment for waiting time. The CBA is the sole basis for his purported state law claim for recovery or wages. The complaint therefore is completely preempted by Section 301 of the LMRA. Because plaintiff's claim arises from and requires interpretation of a collective bargaining agreement, it fails to state a claim under District of Columbia statutory law for recovery of wages. It therefore must be dismissed for failure to state a claim.

### C. *Failure to Exhaust*

Even if this Court were to treat plaintiff's claim as a federal claim properly brought under Section 301, the Court still would have to dismiss the case because of plaintiff's failure to exhaust his grievance and arbitration remedies under the CBA. Section 301 has been broadly interpreted to embody a "national labor policy" that encourages "private rather than judicial resolution of disputes arising over collective bargaining agreements." *Majewski v. B'Nai B'Rith Int'l*, 721 F.2d 823, 826 (D.C.Cir.1983) (quoting *Clayton v. Automobile Workers*, 451 U.S. 679, 689, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981)). Federal labor policy thus requires that employees attempt to use the grievance procedures previously agreed upon by the employer and union before resorting to

any other form of redress. *See Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); *Majewski v. B'Nai B'Rith Int'l*, 721 F.2d at 824 (citing with approval district court's reasoning that failure to exhaust grievance remedies requires dismissal in a Section 301 action).

 The CBA on which plaintiff bases his claim contains a grievance procedure. Article VI of the CBA provides in part:

> No grievance, dispute or complaint shall be recognized or have any validity unless called to the attention of the Employer, in writing, by an authorized representative of the Union within fifteen (15) days of the time the circumstances giving rise to the grievance first occurred or within the time the Union reasonably should have know [sic] the occurrence.

Wage Agreement, Art. VI, § 1. Plaintiff does not allege that he pursued his grievance with the Union or took any action to exhaust the procedures in the CBA. Because plaintiff failed to adhere to the grievance process outlined in the CBA, the Court grants defendants' motion to dismiss.[1]

An Order consistent with this Memorandum Opinion will be issued this same day.

SO ORDERED.

### ORDER

For the reasons stated in the Memorandum Opinion issued this same day, it is hereby

ORDERED that defendants' motion to dismiss plaintiff's claim is GRANTED.

---

1. Defendants also object that plaintiff's claim is time-barred because plaintiff did not file his claim until October 3, 2002, seven and a half months after his termination. Having concluded that plaintiff failed to adhere to the

Plaintiff's claim and this entire case are DISMISSED without prejudice; and it is

FURTHER ORDERED that this Order and Judgment shall constitute a FINAL JUDGMENT in this case. This is a final appealable order. *See* FED. R. APP. P. 4(a).

SO ORDERED.

grievance procedures outlined in the CBA, the Court need not determine whether the plaintiff filed the complaint within the time required by the applicable statute of limitations.